## SUPREME COURT.

### BENEDICT agt. SEYMOUR.

In all cases in common law actions, where a *complaint* contains more than one cause of action, it must be divided into *distinct counts*, like a declaration at common law. The causes of action should be distinguished by the phrase. "And for a further cause of action the plaintiff complains," &c., or some other equivalent words.

A failure to do this, subjects eveey allegation which is not essential to a single cause of action, to be stricken out, if objected to, as redundant.

The *court* is not to be taxed at the trial, with the burden of analyzing every complaint which may contain several causes of action, thrown in together in one undistinguished mass, and separating them; nor is the defendant required to do this at his peril.

And in relation to *answers*, the Code is still more explicit; the provision (§ 150) which authorizes a defendant to put in several defences, says that "they shall each be separately stated, and refer to the *causes of action* which they are intended to answer in any manner by which they may be intelligibly distinguished." Thus showing that defences must be single and stated separately; and also showing that the causes of action should be separately stated. The words "And for a further defence" (or cause of action), &c. would probably be a sufficient designation.

How and to what extent has the Code changed the rules of the common law in regard to the mode of *stating defences?*

Whenever an answer contains a traverse or denial of any one or more of the material allegations in the complaint, every thing else which it may contain is redundant, and must be stricken out on motion; unless it belongs to a separate and distinct defence.

Every denial of the whole or any material portion of a complaint must stand by itself as a separate and distinct defence, and must be so pleaded.

Every special defence which consists of matter which goes to disprove any material allegation in the complaint is defective, and must be stricken out on motion.

Benedict agt. Seymour.

*Monroe Special Term, January* 1852.

J. H. MARTINDALE, *for Plaintiff.*

T. HASTINGS, *for Defendant.*

SELDEN, Justice.—This action is brought to recover for an alleged malicious prosecution. It is necessary to give a brief abstract of the pleadings, in order to present the points to be decided.

The complaint states that the defendant on the 25th day of April 1851, caused the plaintiff to be summoned to appear before a justice of the peace, to answer the defendant in a civil action; that the parties appeared and the defendant was nonsuited; and avers that the suit was without probable cause, and malicious. It further avers, commencing thus: " And the said plaintiff further states to the court" that on the 8th day of May the defendant commenced another civil suit against the plaintiff and one Samuel S. Bowne, before the same justice, in which he was afterwards nonsuited; and that this suit was also malicious and without cause.

The answer admits the commencement of the suit on the 25th day of April, but denies that it was without cause or malicious, and then adds as follows: On the contrary, the defendant distinctly avers that the suit was instituted and the said summons caused to be served without malice or any evil design, **** and as the defendant has been informed and believed, and does still believe, upon a good, just, reasonable and sufficient cause of action, hereinafter mentioned, &c. &c. It then proceeds in like manner to admit the commencement of the second suit on the 8th day of May, and to deny that it was malicious or without probable cause, and then again adds as follows: but, on the contrary, the said defendant avers that said suit was instituted and commenced, and said process served upon said plaintiff and said Bowne, **** upon a just, good and reasonable cause of action as is hereinafter set forth.

The answer then proceeds to set out at length what the defendant claims to have been a good cause of action in each of the suits so commenced; it also alleges facts in detail going to rebut

the allegations in the complaint of malice on the part of the defendant.

This, although not a full statement of the complaint or answer, is all that is necessary to raise the questions to be decided.

The plaintiff moves to strike out, as redundant, the affirmative allegations that the defendant had a good cause of action, following his denial of malice, &c. in regard to each of the suits; also, the subsequent statement in detail of such causes of action, as well as all the averments designed to rebut the allegations of malice.

The questions presented by this motion involves the construction of the Code in some of its most vital features. They can not be safely and properly decided without a careful analysis of its main provisions in regard to pleading. If the truth I may advance shall not be unmixed with error, I have this consolation, that the truth will stand, while the error will be swept away by the better light and better logic which will be brought to bear upon the subject by other minds.

Every one who has had any thing to do with legal trials under our new judicial system, must have observed that the pleadings are frequently framed with great looseness, and apparently without any very definite and precise notions as to the averments which they may properly contain. Hence, through fear of some fatal omission, much redundant matter is habitually inserted.

Many are thus led to infer that the changes which have been made with a view to simplify and abridge judicial proceedings, will have in the end an opposite tendency. This, however, is not my conclusion. On the contrary, I am persuaded that the provisions of the Code are calculated to produce both simplicity and symmetry as well as brevity, if construed with a liberal spirit, and in the light of those settled rules which wisdom and the experience of ages have sanctioned.

The present is a purely legal action, triable by jury. The remarks I make, therefore, are not intended to have any bearing upon an action which is equitable in its nature.

To put any just construction upon the provisions of the Code in respect to pleading, it is indispensable to compare those provisions with the established rules of pleading at common law.

The supposition that the latter had no foundation in reason can never be entertained by one who has carefully examined the subject. The Code requires us to adopt no such hypothesis, as I shall proceed to show.

First, then, it is plain that that rule of the common law which prohibited duplicity in pleading, is fully maintained by the Code. Section 142 provides that the complaint may contain a plain and concise statement of the facts constituting " a cause of action;" and by section 167, the plaintiff is authorized to *unite several causes of action* in the same complaint when they are of the same nature. How unite them? By mixing them up in one undistinguished and undistinguishable mass? Clearly not; reason forbids this. It needs not the results of centuries of experience to show us how inconvenient this would be. The Code sanctions nothing of the kind. It authorizes the statement of a " cause of action," that is, a *single* cause of action. No other construction is admissible. Hence if the plaintiff wishes to include in his complaint more than one cause of action, he must distinguish between them by the phrase, " And for a further cause of action the plaintiff complains," &c.; or some other equivalent words. If he fails to do this, every allegation which is not essential to a single cause of action, must, if objected to, be stricken out as redundant. In other words, the complaint, if it contains more than one cause of action, must be divided into distinct counts, like a declaration at common law. This is required, not only by the provisions of the Code itself, fairly construed, but by the paramount necessity of having issues which are to be tried by a jury, clearly and distinctly presented.

The burden of analyzing the complaint, and separating the causes of action which it may contain, is not to be thrown upon the court at the trial; nor is the defendant to be required to do this at his peril.

This shows that the plaintiff in this case is himself in fault in having united two causes of action in his complaint, without properly distinguishing between them. Had a motion to that effect been made, one of these would have been stricken out.

In regard to answers, the Code is still more explicit. Section 130, which authorizes a defendant to put in several defences,

provides that " they shall each be separately stated, and refer to the causes of action which they are intended to answer, in any manner by which they may be intelligibly distinguished."

This provision is not only conclusive to show that defences must be single, but goes to confirm the position I have taken in respect to the complaint. Unless the causes of action are distinguished in the complaint, how can they be referred to separately in the answer. It must be clear to every legal mind, upon deliberate reflection, that there can be no proper mode of framing a complaint or answer in a common law action, without distinguishing each separate cause of action, or defence, by at least some appropriate commencement if not conclusion.

The words " and for a further cause of action (or defence)," as the case may be, would probably be sufficient for the purpose.

This brings me to the consideration of one of the most intricate as well as interesting inquiries which can arise under the Code; that is, how and to what extent it has changed the rules of the common law in regard to the mode of stating defences.

In several of the common law actions it was necessary to plead specially, because they had no plea which would put in issue the whole declaration.

Under the Code, however, a defendant has only to answer, denying " each and every allegation of the complaint," to put the plaintiff upon the proof of every fact alleged by him. This form of answer, which seems to meet with general favor, is applicable to every species of action.

The Code in this respect, therefore, has produced a uniformity which did not before exist. But this general traverse is not equivalent in all cases to a plea of the general issue at common law; because under the latter a defendant was frequently permitted to give in evidence matters of defence which did not go directly to controvert any allegation in the declaration—as, for instance, infancy—accord and satisfaction, &c. But a general traverse, under the Code, authorizes the introduction of no evidence on the part of a defendant, except such as tends directly to disprove some fact alleged in the complaint.

The Code also allows a special traverse; but there is this difference between the special traverse of the Code and that of the

Benedict agt. Seymour.

common law—the latter must always have been taken upon a single point—whereas now, the defendant may put in issue in one defence, as many of the allegations of the complaint as he chooses, leaving the residue unanswered. Under this species of traverse, as well as that which is general, the defendant may give any evidence whatever, which tends to disprove the allegations denied.

It results from this view that whenever an answer contains a traverse or denial of any one or more of the material allegations in the complaint, every thing else which it may contain, whatever it may be, is redundant, and must be stricken out on motion, unless it belongs to a separate and distinct defence. If it be a mere repetition of the denial in another form, then it is clearly redundant; but if it consist of other matter, it must still be stricken out, if it be pleaded as part of the same defence with the denial.

This is a plain consequence of the provision in section 150 of the Code, to which I have already alluded. But there is another conclusive reason for it.

Section 153 authorizes a plaintiff to demur to any defence which the defendant may interpose; not to part of a defence, or part of an answer; but to an entire " defence." No demurrer, however, will lie to an answer or defence which is composed in part of a denial of material allegations in the complaint.

Hence, if a defendant be permitted to insert new matter in the same defence with such a denial, he effectually precludes the plaintiff from all means of taking the judgment of the court as to the sufficiency of the new matter.

It is entirely clear, therefore, that every denial of the whole, or any material portion of a complaint must stand by itself as a separate and distinct defence and must be so pleaded. This is sufficient to show that many of the allegations objected to in the answer in this case must be stricken out.

But it is possible that that portion of the answer which states facts going to repel the allegation of malice, may be considered as intended to set up a separate and distinct defence, although this is not indicated by any appropriate phraseology.

It becomes necessary, therefore, to inquire what sort of defences

may be specially set forth, or pleaded, under the second subdivision of section 149 of the Code.

It will not be claimed, I suppose, that the Code has changed the essential nature of things. The statutes of reason are more permanent and immutable than those of the legislature.

Defences, then, are divisible into two classes:

1. Those which deny some material allegation on the part of the plaintiff;

2. Those which confess and avoid those allegations.

There can be no good defence which does not belong to one or the other of these classes. The Code, following the order of nature, has provided for both classes in section 149. By the common law these two kinds of defences had become more or less intermingled and confused; the Code keeps them distinct. I have already remarked that no defence which does not controvert any material allegation of the complaint, can be given in evidence under a general or special traverse. Every such defence, therefore, must be pleaded specially.

The counter question then arises: Is it admissible to set forth specially any defence which *may* be given in evidence under such a traverse?

The objections to this mode of stating such a defence are identical with those which existed at common law against special pleas amounting to the general issue.

It will seem therefore, to throw light upon the question, to look into the reasons why such pleas were held to be defective.

The reasons usually given in the books are, that they tended to needless prolixity, and referred matter to the court which was proper for the jury (*Bac. Ab. Pleas G.* 3; *Gould's Pl. part* 2, ch. 6, §79; *Steven's on Pl.* 422; *Com. Dig. Pleader E.* 13).

These reasons have lost none of their force at the present day; especially that in regard to prolixity, as one main object of the Code was to simplify and *abridge* proceedings.

But there was a more conclusive reason than either of these, for the rule in question.

An issue joined upon such a plea would not necessarily determine the cause. If found for the defendant it would be decisive; but if for the plaintiff it determined nothing. A single familiar

Benedict agt. Seymour.

instance will put this in a clear light. A, before the Code, sued me in trover for a horse, and I put in a plea that the horse, at the time of the alleged conversion, was my property, upon which the plaintiff took issue. If I maintained this issue, I made out a clear defence; but suppose upon the trial I had proved that the horse belonged to B, the issue must nevertheless have been found against me. Would the plaintiff therefore have been entitled to judgment? Clearly not. If he would, B might have sued me the next day for the horse and recovered upon the same evidence. A repleader was the remedy in such a case, if a verdict was found for the plaintiff.

The same consequences attended every special plea amounting to the general issue. That *this* and not their tendency to prolixity, was the true reason why such pleas were held bad, is evident from the nature and success of the expedients invented to obviate the difficulty.

The first of these was the special traverse, which consisted in merely appending to the plea a denial of the allegation in the declaration with which the matter of the plea conflicted. This was the origin of the *absque hoc* clause. This clause was held to make the plea good. But if prolixity was the objection, it is difficult to see how it was removed by converting the affirmative facts, which before were traversable, into mere matter of inducement which could not be traversed and need not be proved.

Such a plea was good, simply because it presented an issue which found either way, would be decisive of the cause.

This expedient however, although it cured the fault in the plea, did not effect the object generally in view; which was either to compel the plaintiff to admit some portion of the facts, and thus narrow the evidence, or to take the judgment of the court upon the sufficiency of the defence without going to the jury.

This led to another invention highly artificial but effectual; to wit, that of giving express color. This consisted merely in admitting upon the face of the plea a state of facts purely fictitious, which but for the facts stated in defence, would support the action. This of course cured the defect; because if the issue upon the special matter was found for the plaintiff, although that find-

ing would not of itself show him entitled to recover; still he would then have judgment upon the admitted facts; the answer to those facts having been overthrown by the verdict. This again demonstrates that this tendency to prolixity was not the real objection to pleas amounting to the general issue, because the addition to such a plea of a fictitious cause of action for the plaintiff would be an absurd remedy for such an evil.

The difficulty was this: It resulted from the very organization of the complex tribunal composed of court and jury; that the court could look only at the record in giving its judgment. The record, therefore, must show a right of recovery in the plaintiff, either found by the jury or admitted by the defendant; or a judgment for the plaintiff would be erroneous upon its face.

It is certain that a special plea, which amounted to the general issue, or in other words, which denied argumentatively any material facts alleged by the plaintiff, did not even impliedly admit facts enough to constitute a cause of action; and it is equally clear that an issue found for the plaintiff upon such a plea would not, for the reasons I have given, show him to have any. Hence such pleas were defective.

This subject might be further illustrated by reference to pleas giving implied color, as it was called, but I will not dwell longer upon it.

It may be thought by some, that all this reasoning about what are called the subtleties of common law pleading is unnecessary in construing the simple provisions of the Code. The Code has on this subject all the simplicity which exists in the nature of things, and can not well have more.

What particular subtlety is there about the rules of which I have been speaking? Can any thing be more palpable than these rules, as well as the reasons for them? And are they not just as applicable to judicial proceedings now as they ever were?

Is the court under the Code to render a judgment for a plaintiff, unless the right to that judgment results in law from the facts admitted by the defendant or found by the jury? Must not such a judgment be reversed upon the face of the record? No one can doubt it.

Again, a jury can determine nothing but the issue presented to

it. Upon an allegation, therefore, by the defendant, that he owned the property claimed in the suit, which allegation is denied by the plaintiff, the jury can not find by their verdict that the *plaintiff* owned it. Such a verdict would be foreign to the issue and must be set aside. It would be unworthy the jurisprudence of any enlightened country to admit of such looseness.

Upon a proper verdict therefore for the plaintiff, upon such an issue, no judgment whatever can be rendered, nor ever could with propriety; and an issue upon every plea, denying argumentatively any material allegation of the plaintiff, must be of this character.

The practical difficulty growing out of this necessary rule, was avoided at common law by such pleas being generally pleaded in connection with the general issue, a verdict upon which latter issue against the defendant, would entitle the plaintiff to judgment. But as the plea might be pleaded singly the rule was indispensable.

It is so still; unless we absolve courts from the necessity of looking exclusively at the record in giving their judgment, and permit them to dispose of cases in view of facts not there appearing; or unless we allow juries to find their verdicts according to their conceptions of the abstract rights of the parties, without regard to the issues presented to them.

Can any one fail to see that these rules, which circumscribe the power of juries, and limit the discretion of courts, constitute our most effectual guaranties for the faithful and regular administration of justice? And shall we then throw them away? There is no necessity for this. The Code does not require it. No such warfare between law and logic results from its provisions.

I hold it therefore to be incontrovertible that every special defence which consists of matter which goes to disprove any material allegation in the complaint is defective and must be stricken out on motion.

A doubt may be raised where the new matter is pleaded not in connection with a direct denial of any portion of the complaint, but as a separate defence, whether it can strictly be considered as *redundant*.

This question, however, is not of the slightest importance; be-

cause the court at common law possessed the power to strike out these pleas on motion; and this was the appropriate mode of getting rid of them instead of by demurrer, for this plain reason, that a demurrer admitted the truth of the plea; and the facts contained in such a plea, if proved or admitted, must necessarily constitute a good defence.

To render judgment for a plaintiff, therefore, upon demurrer to such a plea, as was sometimes done when the demurrer was special, was incongruous, and not in accordance with the usual theory of pleading.

This common law right of striking out such pleas on motion, has never been taken away; and the effect of the Code is to restore to us this ancient and simple practice which prevailed in early days in the common law courts.

It follows from this reasoning that all and every portion of the answer in this case except the direct denials of the allegations in the complaint are defective and redundant and must be stricken out. No costs are allowed as it is an unsettled question.