OTIS *et al. v.* SHANTZ.

*(Supreme Court, General Term, Fifth Department.* December 30, 1889.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—VALIDITY—COLLATERAL ATTACK.
   Plaintiffs were trustees in liquidation of a manufacturing corporation, which, under an agreement with its creditors, assigned and delivered to plaintiffs all its property, to be converted into money, and applied to the payment of its debts *pro rata.* After the assignment defendant, who was a creditor of the corporation, bought from plaintiffs some of the goods so assigned, and gave his notes therefor, payable to them as trustees. *Held* that, in an action by plaintiffs on such notes, defendant cannot attack the agreement of liquidation on the ground that it was obtained through fraud and misrepresentations on the part of the corporation, and its agents and officers; they not being parties to the suit.

2. SET-OFF AND COUNTER-CLAIM—DIFFERENT RIGHTS.
   Nor can defendant set up, in the way of counter-claim, any matters which accrued against the corporation before its assignment.

Appeal from special term, Monroe county.

Action by John L. Otis and others, as trustees of the Mill River Button Company, against Moses B. Shantz. Plaintiffs appeal from an interlocutory order overruling their demurrer to defendant's answer.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*Henry M. Hill,* for appellants. *Myron T. Bly,* for respondent.

DWIGHT, J. The plaintiffs are "trustees in liquidation" of the Mill River Button Company, a corporation organized and doing business and in the state of Massachusetts. On the 10th day of April, 1887, the company, which had become financially embarrassed, and its creditors, including the defendant, at Northampton, Mass., made and executed an instrument in writing, by which it was agreed that the affairs of the company should be liquidated by trustees, and named the plaintiffs as trustees for that purpose. The agreement contained provisions for an assignment by the company of all its property to the trustees named, a conversion of such property into money, and the payment of all its creditors *pro rata,* such payments to be received in full of all claims. The assignment was made the next day, and the trustees immediately entered upon the performance of their duties. On the 19th day of July, 1887, and on the 5th day of December of the same year, the defendant bought goods of the plaintiffs, which had been received by them under the assignment, for each of which purchases he gave them his promissory note, payable to the order of the trustees of the Mill River Button Company, the first for $1,333.48, on demand, and a second for $638.86, in six months after date. This action was brought, after the maturity of the second note, for the amount due on both. The answer denies no allegation of the complaint, but avers, in its first count, that the defendant was a creditor of the Mill River Button Company to the amount of $5,000; and that his consent to the agreement of liquidation was obtained by fraudulent representations of the corporation, its agents, officers, and directors, as to the true state of its finances; and that the agreement was for that reason void; and prays that the same be canceled and set aside as to him. The answer further sets up, in several counts, several matters of counter-claim against the corporation, all of which accrued before the assignment to the plaintiffs, which he asks to offset to the plaintiff's demand. The plaintiffs demurred to the several counts of the answer, on the ground that they were insufficient in law upon their face, and that the facts stated did not constitute a defense or counter-claim.

We think the demurrer should have been allowed. Neither of the alleged defenses or counter-claims existed as to the plaintiffs, or had any connection with the causes of action alleged in the complaint and admitted by the answer. The cause of action to set aside the agreement of liquidation alleged in the first count of the answer was one which could not be tried in this action, for want

of the proper parties; and the allegations in support of it were wholly insufficient as a defense to this action, even if the proper parties had been before the court, since there was no allegation that the defendant was ignorant of the fraud when he contracted with the plaintiffs, and, if not so ignorant, his contract with the plaintiffs was an affirmance of the agreement which he asks to have set aside.

All the other matters of counter-claim set up by the answer were such as accrued against the Mill River Button Company before the assignment to the plaintiffs, and in which the plaintiffs had no interest; whereas, the causes of action alleged in the complaint accrued to the plaintiffs after the assignment, and the corporation had no interest in them. Very clearly, the one could not be offset against the other. The case is the same as that of any assignment for the benefit of creditors. If a creditor purchases property of the assigned estate from the assignee, he must pay for it the same as any other purchaser, or, if a creditor of a deceased person buys goods of the estate from the administrator, he cannot offset his claim against the decedent in an action by the administrator for the price of the goods. Burrill, Assignm. § 403; *Thompson* v. *Whitmarsh*, 100 N. Y. 35, 2 N. E. Rep. 273. The objection to the answer seems too clear to require further discussion or the citation of authorities. The objection was properly taken by the demurrer for insufficiency. That is the first ground of demurrer to an answer allowed by the Code. "The plaintiff may demur to a counter-claim, or a defense consisting of new matter, contained in the answer, on the ground that is insufficient in law, upon the face thereof." Code Civil Proc. § 494. The meaning of the provision is not obscure. "Insufficient in law" means insufficient, the facts being admitted, to constitute a counter-claim or a defense to the cause of action alleged in the complaint; so that where, as in this case, it is apparent on the face of the answer that the facts averred constitute no defense or counter-claim to the plaintiffs' cause of action, the objection is raised by a demurrer for insufficiency. That was the precise objection which the plaintiff makes to the answer in this case, and it was unnecessary for him to resort to the permission of the next section (section 495) to interpose a demurrer on any of the grounds there enumerated. Indeed, there is but one subdivision of that section which might cover the ground of the plaintiff's objection to either of the counts of the answer. That is subdivision 5,—"that the counter-claim does not state facts sufficient to constitute a cause of action;" but this seems to us to add nothing to the ground of demurrer for insufficiency given by section 494, *supra*. We are of opinion that the demurrer was well taken in all respects, and that it should have been allowed. The interlocutory judgment must be reversed, the demurrer allowed, and judgment ordered thereon for the plaintiffs for the relief demanded in the complaint. All concur. So ordered, with costs.