(39 Misc. Rep. 634.)

### CARPENTER v. MERGERT.

(Supreme Court, Special Term, Kings County. January. 1903.)

1. PLEADING—ANSWER—DENIALS.

Under Code Civ. Proc. § 500, providing that an answer shall consist, first, of a general or special denial; second, of a statement of new matter constituting a defense; and section 507, requiring defenses of new matter to be separately stated—denials must be stated before and apart from affirmative allegations of an answer.

Action by William Carpenter against Mary E. Mergert. Motion to require defendant to amend her answer by separating the denials from the affirmative allegations therein.

Arthur H. Yetman, for plaintiff.
Sixt Karl Kapff, for defendant.

GAYNOR, J. In order to separate the denials from other matter it is necessary to determine what a denial is. I had supposed that to be a plain matter about which there could be no difference of opinion now, any more than there has ever been from the beginning. But in the recent case of Soper v. St. Regis Paper Co., 76 App. Div. 409, 78 N. Y. Supp. 782, the opinion contains the following:

"The rule is well settled that a material fact alleged is not controverted or put in issue by a statement inconsistent with the facts, or from which a denial may be implied or inferred. Rodgers v. Clement, 162 N. Y. 428, [56 N. E. 901, 76 Am. St. Rep. 342]. Smith v. Coe, 170 N. Y. 167, [63 N. E. 57]. The only exception to this rule, if it may be properly called an exception, is where the specific facts stated in a pleading are such as to necessarily controvert the allegations of the adverse party. For instance, if a complaint should allege that a certain sum of money was due from the defendant, and the defendant, in answering, should allege that the amount had been paid, this, though not in common acceptation of the word a denial, would, in law, be a denial; it would raise an issue, and this is what the law contemplates in pleadings."

Heretofore the defence of payment has never been thought/of as a denial of the allegations of the complaint. If a complaint be for goods sold and delivered, or on a promissory note, or the like, and the answer is a plea of payment, the allegations of the complaint are not put in issue at all. The defence of payment is not a denial of them. On the contrary, it is a "confession" of the truth of the complaint, but an "avoidance" thereof by a plea of payment as a defence. Instead of such a defence being a denial of the complaint, and putting it in issue, the plaintiff has nothing to prove, and the affirmative is

with the defendant at the opening of the trial. This is so common in the experience of trial judges and trial lawyers that it does not need to be more than mentioned.

The motion is also embarrassed by a statement in the opinion in Hopkins v. Meyer, 76 App. Div. p. 367, 78 N. Y. Supp. 461. Speaking of where denials should be in answers—whether in a separate place, or mixed up with affirmative matter pleaded as a defence—the learned judge says:

"It is nowhere provided where such denials shall be made, whether in separate paragraphs or in connection with other matters."

It cannot be overlooked or disregarded, however, it seems to me, that section 500 of the Code of Civil Procedure provides by specific enumeration that an answer shall consist, first, of "a general or specific denial of each material allegation of the complaint controverted by the defendant," and, second, of "a statement of any new matter constituting a defence or counterclaim"; matter in "defence" being of course matter which cannot be proved under a denial—matter which, taking all of the allegations of the complaint to be true, is nevertheless a "defence" to the action.

In addition to this precise separation of denials from affirmative matter, section 507 requires that defences of new matter be "separately stated." Certainly this does not permit denials to be mixed up in the matter stated as a defence.

An answer can properly consist only (1) of a denial or denials of the allegations of the complaint (which is the way to raise an issue on the complaint), and (2) of any new matter constituting a "defence"; and these two parts of the answer have to be separated, and separately stated. And, as is just as well known, an allegation of the complaint is not denied by affirmative allegations in the answer which are inconsistent with it. Such affirmative allegations cannot be taken in lieu of denials. The court was not called upon to decide, and did not decide, the contrary of these propositions in the two cases from the opinions of which I have quoted. It does not seem, therefore, that I should feel bound by the expressions of opinion of the learned judge who wrote therein.

I must therefore hold that the formal denials in this answer must be stated separate and apart from any and all affirmative allegations; and that the affirmative allegations be next separately stated; to the end that if the denials be in form frivolous, a motion for judgment thereon may be made, or that if the affirmative allegations be immaterial or irrelevant, a motion may be made to strike them out, or that if they be insufficient as a defence, they may be demurred to, as the plaintiff may be advised.

The motion is granted, with $10 costs.