MORRON v. BRYCE et al.

(Supreme Court, Appellate Division, Second Department. May 25, 1914.)

1. PLEADING (§ 362*)—ANSWER—NEW MATTER—REDUNDANT ALLEGATIONS.

In an action by a minority stockholder against a corporation, the majority stockholder, and the directors, to prevent the cancellation by the corporation of a lease of premises owned by the majority stockholder, where the separate answers of the defendants consisted of both denials and allegations of new matter, a motion in the alternative to strike the allegations as redundant or to compel the defendants to state them as separate defenses should be granted, since, if the matter is not a defense, it should be stricken, as required by Code Civ. Proc. § 545, and, if it amounts to a defense, it should be separately stated, as required by Code Civ. Proc. § 500.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155; Dec. Dig. § 362.*]

2. PLEADING (§ 365*)—MOTION TO STRIKE—WAIVER.

The right to such relief was not waived by noticing the case for trial; the motion having been noticed within the time required by Rules of Practice, rule 22.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1163–1172; Dec. Dig. § 365.*]

Appeal from Special Term, Kings County.

Action by John R. Morron against Edith Cooper Bryce and others. From five separate orders denying plaintiff's motions to strike certain allegations from the separate answers of the defendants, or, in the alternative, to require the defendants to separate the allegations from the denials, the plaintiff appeals. Reversed, and motions granted.

See, also, 147 N. Y. Supp. mem. (1914).

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Samuel F. Moran, of New York City, for appellant.
Herbert Parsons, of New York City, for respondents.

RICH, J. This record presents five separate appeals from five orders of the Special Term denying motions to strike from the five separate answers of the defendants certain allegations claimed to be irrelevant and redundant, or, in the alternative, to require defendants to separate said allegations from the pleaded denials and allege them separately as a defense.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The action is by a stockholder of the defendant Peter Cooper's Glue Factory, to recover for the alleged wrongful cancellation of a long-term lease of property upon which its factory is located, which is owned by the defendant Edith Cooper Bryce. It is alleged that said Edith Cooper Bryce is the majority stockholder and in control of the board of directors of the defendant corporation, and that, through the exercise of her power and control over the directors, she caused an agreement to be made between herself and said corporation, by which the lease referred to was made to terminate in December, 1913, although by its provisions it did not expire until March 31, 1918; and it provided for a renewal for an additional term of ten years, and an option to the corporation to purchase the property at any time during the term of such lease, for a price therein stated; that the lease and option were valuable assets, both of which were lost to the corporation by the agreement referred to, to the advantage of Mrs. Bryce, and a corresponding loss and injury to the corporation, estimated at $500,000.

The defendants are said Edith Cooper Bryce, a majority stockholder, the corporation, and its board of directors. Five separate answers are interposed, all substantially alike, in which new matter is mingled with denials; no separate defenses as such being set up. The motions were made under the provisions of section 545 of the Code of Civil Procedure, and appellant sought to have the answers conform to the provisions of section 500 of the Code of Civil Procedure.

The learned court at Special Term denied the relief sought, but required the answering defendants to deliver to the plaintiff's attorney bills of particulars setting forth whether such defendants "intend to claim upon the trial that prior to December 31, 1912, the lease annexed to the complaint and marked 'Exhibit A' expired by virtue of its terms or by operation of law, and the material facts from which such conclusion followed."

As to the defendant Closson, the motion was denied in toto, because it appeared that the answer interposed by him did not contain the averment in the other answers, denying "that the original term of said lease does not expire until the 31st of March, 1918, and alleges that, on the contrary, in December, 1912, the same had already expired," which is the only averment to which a bill of particulars is pertinent.

The plaintiff did not, however, ask for a bill of particulars or seek information as to this averment; nor did he ask to have it stricken out. So that the relief sought by the plaintiff must be regarded as wholly denied.

[1] It is unnecessary to determine whether the new matters alleged are merely informative and not intended as defenses, as contended by the respondents. If they are, they must be stricken out as irrelevant and redundant, and, if they are not, the plaintiff is entitled to have them separated from the denials and separately stated and numbered as defenses. It is the right of the plaintiff, which cannot be overlooked or disregarded, to have the defendants plead separately as defenses any new matter which they intend to use upon the trial as a defense. Benedict v. Seymour, 6 How. Prac. 298; Carpenter v. Mer-

gert, 39 Misc. Rep. 634, 80 N. Y. Supp. 615; Staten Island M. R. R. Co. v. Hinchcliffe, 34 Misc. Rep. 49, 68 N. Y. Supp. 556; Stern v. Marcuse, 119 App. Div. 478, 103 N. Y. Supp. 1026. As was said by the late Mr. Justice Gaynor, writing for this court in the last-cited case:

"The plaintiff is asking no favor but a matter of right. By express provision of the Code of Civil Procedure, defenses of new matter 'must be separately stated and numbered' (section 507), the same as causes of action 'must be separate and numbered' (section 483). These are mandatory provisions; they are enjoined by the mandatory word 'must'; and we have no right to disregard them. To do so would cause and encourage confusion and disorder. A defense may not be jumbled up with another or other defenses, nor with a denial or denials."

Much of the matter pleaded is in the nature of a defense. As an illustration: It is stated that, prior to the date of the cancellation agreement (December 31, 1912) of which plaintiff complains, the lease had expired, although it did not by its terms expire until March 31, 1918.

I cannot conceive of any reason why this matter should be set out in the answers, unless it is the defendants' intention to rely upon it as a defense. The plaintiff alleges a lease which does not expire until March 31, 1918, and anything which shortens the term or terminates the lease is new matter which must be pleaded in conformity with the Code requirements to be available.

[2] I think that the plaintiff is entitled, as a legal right, to the relief he demanded, which was not waived by noticing the case for trial; the motion being noticed within the time required by rule 22 of the Rules of Practice.

It follows that the orders must be reversed, with $10 costs and disbursements, and plaintiff's motions to strike out the allegations in each answer specified as irrelevant and redundant granted, with $10 costs, with leave to the defendants within 20 days to serve amended answers separating affirmative allegations from denials.

All concur; JENKS, P. J., taking no part.