Anthony M. Livoti, J.
This is a motion by the plaintiff for an order to strike ont certain parts of the answer: three affirmative allegations and one affirmative defense, as sham, frivolous, irrelevant, redundant and unnecessary (Buies Civ. Prae., rule 103), and, furthermore, the said affirmative defense as insufficient in law (Buies Civ. Prae., rule 109).
In paragraphs 8, 9 and 11 of their answer, defendants, after admitting some of the allegations contained in paragraphs 14 and 30 of the complaint, defy the rules of pleading by affirmatively alleging certain matters in their denials, by attempting to plead a version of the facts inconsistent with the allegations set forth in the complaint, which joins new matter to a denial. (Morron v. Byrce, 162 App. Div. 466, 468; Wensel v. Duncan, 32 N. Y. S. 2d 223.) There is no authority for such form of pleading. (Sado v. Marlin Mfg. Co., 196 N. Y. S. 2d 32; Westchester County v. Toivn of Harrison, 85 N. Y. S. 2d 374.) The allegations of a complaint are controverted or put in issue by a general or specific denial. (Civ. Prac. Act, § 261.) A material fact alleged is not controverted or put in issue by a statement inconsistent with the facts alleged or from which a general denial may be implied or inferred. (Smith v. Coe, 170 N. Y. 162, 167; Rodgers v. Clement, 162 N. Y. 422, 428.) Section 261 of the Civil Practice Act provides that the answer must contain general denials of matter alleged in the complaint or an allegation of new matter constituting a defense or counterclaim. Defendants may not allege new matter unless it constitutes a defense or counterclaim. (Sado v. Marlin Mfg. Co., supra.) A statement of any new matter may not be jumbled up with denial or denials (Morron v. Bryce, supra), thus being irrelevant, redundant and sham.
The motion to strike out the affirmative allegations contained in paragraphs 8, 9 and 11 of the defendants’ answer is granted.
The first affirmative complete and separate defense (par. 14) alleges that “ Article XIV, Paragraph 1, Bevised Zoning Ordinance, Town of Islip required a public hearing as a condition precedent to the issuance of a building permit for a gasoline service station in any permitted use district ’ ’.
Plaintiff contends that such defense is (1) insufficient in law (Bules Civ. Prae., rule 109), (2) sham (Buies Civ. Prae., rule 103) and that defendants have failed to plead ultimate facts *163 showing that on September 25, 1961, this court made an order granting plaintiff’s petition and adjudging that the zoning amendment of September 11, 1956 to the Revised Zoning Ordinance of the Town of Islip was void, invalid and ineffective insofar as it concerns plaintiff’s property described in paragraph 6 of the complaint. [See 31 Misc 2d 447, 458.]
The pleadings indicate that defendants have admitted, in their answer, to paragraphs 14 and 30 of the complaint. Paragraph 30 of the complaint states: “ On September 25,1961, Mr. Justice Livoti, a Justice of this Court, made an order granting plaintiff’s petition and adjudging that the said Zoning Amendments of September 11, 1956 to the Revised Zoning Ordinance of the defendant Town of Islip, as purportedly adopted by defendant Town Board and as referred to in paragraphs ‘ 22 ’ and ‘ 23 ’ hereof were void, invalid and ineffective insofar as it concerned plaintiff’s property described in paragraph ‘ 6 ’ hereof and directed the defendant Dickerson to issue to plaintiff a permit for the erection, construction, operation and occupancy of a gasoline service station building and the installation, construction, maintenance and use of gasoline storage tanks on plaintiff’s property hereinabove described in accordance with the plans, specifications and survey filed with the defendant Dickerson, which order was entered on September 25, 1961 in the Office of the Clerk of Suffolk County. A copy of said order with notice of entry thereon was served upon the attorney for defendant Dickerson on September 25th, 1961. A copy of the said order is attached hereto and marked Exhibit ‘ D ’. ”
“ Insufficient in law ” means insufficient to constitute a defense to the cause of action. (Otis v. Shantz, 55 Hun 603, reported in 8 N. Y. S. 293.)
Nowhere in defendants’ affirmative defense or in its answering affidavits does it state the date when the said amendment (Revised Zoning Ordinance, art. XIV, par. 1), as alleged, was enacted. Reference is made by the plaintiff in his affidavit that such amendment was enacted subsequent to September 11, 1956.
This court being a court of competent jurisdiction, held constitutionally invalid the said amendment of September 11, 1956, to the Revised Zoning Ordinance of the Town of Islip affecting the property of plaintiff and ordered a building construction permit to be issued, of which issuance the defendants willfully and intentionally, through their purported acts, have deprived the plaintiff. (Matter of Dubow v. Ross, 254 App. Div. 706.) It is thus readily apparent that any reference to any amendment of the said Zoning Ordinance adopted subsequent to September 11, 1956, affects plaintiff’s property and has no application *164 whatsoever other than the ordinance prior to September 11, 1956. (Matter of Davlee Constr. Corp. v. Brooks. 26 Misc 2d 240, 243, affd. 16 A D 2d 973; Matter of Hyde v. Oestreich, 194 N. Y. S. 2d 374, 379; Matter of Davlee Constr. Corp. v. Brooks, 21 Misc 2d 137, 138.) Therefore, plaintiff’s motion is in all respects granted.