HAMMEL v. WASHBURN et al.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

BILLS AND NOTES—ACTION—PLEADING.

    A complaint against the maker and indorser of a note averred present-ment, demand of payment, refusal, and protest, followed by the words, "of all of which the defendant had due notice." The defendant named immediately before such words was the maker. *Held*, that the complaint was demurrable by the defendant indorser.

Appeal from special term, New York county.

Action by Samuel W. Hammel against Wilbur F. Washburn and Emma H. Washburn on a promissory note. From an interlocutory judgment overruling demurrer to complaint, defendant Emma H. Washburn appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

James A. Allen, for appellant.
Emanuel S. Cahn, for respondent.

BARRETT, J.   The demurrer here presents but a trivial point, and yet it seems to be well taken.   The action is against the maker and indorser of a promissory note.   The indorser demurs upon the ground that notice of demand and nonpayment is not averred.   Present ment, demand of payment, refusal, and protest are averred.   These words then follow, "of all of which the defendant had due notice." Not, it will be observed, the defendant indorser or the defendants, but "the defendant."   Which defendant, then?   The defendant spoken of immediately before these allegations of protest is the defendant Wilbur, the maker of the note, and the word used there refers to him.   The plaintiff claims that the defendant indorser was meant, because she was the only defendant to whom it was necessary to give notice.   If so, why did he not say what he meant?   In his third point he tells us that the omission of the letter "s" from the word "defendant" was a clerical error.   This conflicts with the in tendment claimed in the previous point.   For why, upon his own reasoning, should he have intended to use the plural when it was un necessary to allege notice to the maker?   To be consistent, he should have said that he intended, while using the singular, to add the in dorser's name.   Looking at the pleading in its entirety, we see noth ing suggestive of a clerical error.   The plural is used throughout where both defendants are clearly referred to, and the singular where but a particular one.

This knotty question must therefore be solved by the application of the general rule that, while pleadings should be liberally construed in matters of form, there must be unambiguous statements in matter of substance.   The old rule was to construe doubtful pleadings most strongly against the pleader.   That rule has been modified in further ance of justice, but the modification does not apply to the fundamental requisites of a cause of action; and so, when a pleading is susceptible of two meanings in a matter of substance, that shall still be taken which is most unfavorable to the pleader.   Clark v. Dillon, 97 N. Y. 373.   As was said in that case:

"While it is competent for a party to move to make the pleadings of his adversary more definite and certain, yet, inasmuch as it is the primary duty of the party pleading to present a clear and unequivocal statement of his allega tions, the onus of having them made so cannot be cast upon his adversary by his own fault in failing to perform his duty."

This doctrine is reasonable in its application here; for, if notice had not in fact been given to the indorser, perjury could not be pre cisely or safely assigned upon the falsity of this verified averment. It follows, as there is no unequivocal allegation of notice of demand and nonpayment to the indorser, that the demurrer was well taken.

The interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with the usual leave to amend upon payment of costs in this court and in the court below.   All concur.