sioners, and the report should be in all respects confirmed, without costs of this appeal.

VAN BRUNT, P. J., RUMSEY, PATTERSON and MCLAUGHLIN, JJ., concurred.

Order modified by striking out provision referring report back to commissioners, and report in all respects confirmed, without costs of appeal.

---

SAMUEL W. HAMMEL, Respondent, *v.* EMMA H. WASHBURN, Appellant, Impleaded with WILBUR F. WASHBURN.

*Pleading — an allegation, where both the maker and indorser of a note are parties defendant, that " the defendant had due notice" of the protest thereof, is insufficient.*

A pleading susceptible of two meanings in a matter of substance will be construed unfavorably to the pleader.

A complaint in an action against the maker and indorser of a promissory note, which alleges presentment, demand of payment, refusal and protest, " of all of which *the defendant* had due notice," is open to a demurrer interposed by the indorser, in that it does not clearly show that notice of demand and non-payment was given to the indorser.

APPEAL by the defendant, Emma H. Washburn, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of April, 1899, upon the decision of the court rendered after a trial at the New York Special Term overruling her demurrer to the plaintiff's complaint.

*James A. Allen,* for the appellant.

*Emanuel S. Cahn,* for the respondent.

BARRETT, J.:

The demurrer here presents but a trivial point, and yet it seems to be well taken. The action is against the maker and indorser of a promissory note. The indorser demurs upon the ground that notice of demand and non-payment is not averred. Presentment, demand of payment, refusal and protest are averred. These words then follow, " of all of which the defendant had due notice." Not, it will be observed, the defendant indorser or the defendants, but

the defendant. Which defendant, then? The defendant spoken of immediately before these allegations of protest is the defendant Wilbur, the maker of the note; and the word used there refers to him. The plaintiff claims that the defendant indorser was meant, because she was the only defendant to whom it was necessary to give notice. If so, why did he not say what he meant? In his third point he tells us that the omission of the letter "s" from the word "defendant" was a clerical error. This conflicts with the intendment claimed in the previous point. For why, upon his own reasoning, should he have intended to use the plural when it was unnecessary to allege notice to the maker? To be consistent he should have said that he intended, while using the singular, to add the indorser's name. Looking at the pleading in its entirety, we see nothing suggestive of a clerical error. The plural is used throughout where both defendants are clearly referred to, and the singular where but a particular one.

This knotty question must, therefore, be solved by the application of the general rule that, while pleadings should be liberally construed in matters of form, there must be unambiguous statements in matter of substance. The old rule was to construe doubtful pleadings most strongly against the pleader. This rule has been modified in furtherance of justice, but the modification does not apply to the fundamental requisites of a cause of action; and so, when a pleading is susceptible of two meanings in a matter of substance, that shall still be taken which is most unfavorable to the pleader. (*Clark v. Dillon,* 97 N. Y. 374.) As was said in that case: "While it is competent for a party to move to make the pleadings of his adversary more definite and certain, yet, inasmuch as it is the primary duty of the party pleading to present a clear and unequivocal statement of his allegations, the *onus* of having them made so cannot be cast upon his adversary by his own fault in failing to perform his duty." This doctrine is reasonable in its application here; for, if notice had not in fact been given to the indorser, perjury could not be precisely or safely assigned upon the falsity of this verified averment.

It follows, as there is no unequivocal allegation of notice of demand and non-payment to the indorser, that the demurrer was well taken.

The interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with the usual leave to amend upon payment of costs in this court and the court below.

VAN BRUNT, P. J., RUMSEY, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to amend on payment of costs in this court and in the court below.