FRANK SULLIVAN SMITH, as Receiver of the WORCESTER CYCLE MANUFACTURING COMPANY, Respondent, v. EDWARD P. COE et al., Composing the Copartnership of CADENAS & Co., Appellants.

1. SALES — PLEADING. Where, by omitting to deny either generally or specifically the allegations of the complaint in an action for goods sold and delivered, the answer admits an agreement by the plaintiff to manufacture, sell and deliver the goods upon specifications furnished, the price, the fact of delivery and acceptance and finally a contract to sell and deliver goods of a certain kind and according to certain specifications without warranty, counterclaims based upon the existence of a warranty and allegations of the answer in regard to the terms of the contract, although inconsistent with the allegations of the complaint, are properly dismissed.

2. WHEN ACCEPTANCE PRECLUDES DEFENSE OF NON-CONFORMITY TO CONTRACT OF SALE. Where the vendee of goods purchased without warranty, after full opportunity for inspection, accepts them without objection when delivered, he cannot, in an action against him to recover the price, defend upon the ground that they did not conform to the contract of sale.

3. WHEN SALE OF GOODS MANUFACTURED ACCORDING TO SPECIFICATIONS IS NOT A SALE BY SAMPLE. A sale by sample cannot be based upon the mere fact that the vendee selected a certain type or style of goods from various grades exhibited to him, without any distinct stipulation that the goods to be delivered were to correspond with any designated sample, especially where he orders them manufactured according to specifications furnished by him and which call for an article different in

many particulars from any exhibited to him, and, therefore, in such a case no warranty can be implied which will survive delivery and acceptance.

*Smith* v. *Coe*, 55 App. Div. 585, affirmed.

See *Smith* v. *Coe, post*, 612.

(Argued February 18, 1902; decided March 4, 1902.)

APPEAL from a judgment entered February 13, 1901, upon an order of the Appellate Division of the Supreme Court in the first judicial department, overruling defendant's exceptions, ordered to be heard in the first instance by the Appellate Division, denying a motion for a new trial and directing judgment upon a verdict directed by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward B. Whitney* and *Charles Bulkley Hubbell* for appellants. The plaintiff gave an express warranty that the goods were equal in quality to the sample. (2 Mechem on Sales, § 1237; *Salisbury* v. *Stainer*, 19 Wend. 159; *Beirne* v. *Dord*, 5 N. Y. 95; *Ames* v. *Jones*, 77 N. Y. 614; *F. C. Co.* v. *Metzger*, 118 N. Y. 260; *Gurney* v. *A. & G. W. R. R. Co.*, 58 N. Y. 358; *Brigg* v. *Hilton*, 11 Daly, 385; *Kent* v. *Friedman*, 101 N. Y. 616; *Zabriskie* v. *C. V. R. R. Co.*, 131 N. Y. 72; *Mason* v. *Smith*, 130 N. Y. 474; *Chapman* v. *Murch*, 19 Johns. 290.) If there is no express warranty that the goods are equal to sample there is an implied warranty against all defects not discoverable upon the inspection contemplated by the contract, and this contract contemplated that there should be no inspection except at the option of the vendees, so that, except as to goods actually inspected by them, all defects are to be treated as latent. (*K. B. Co.* v. *Hamilton*, 110 U. S. 108; *Jones* v. *Just*, L. R. [3 Q. B.] 197; *Rodgers* v. *Niles*, 11 Ohio St. 48; *Brenton* v. *Davis*, 8 Blackf. 317; 2 Mechem on Sales, § 1079; *Muller* v. *Eno*, 4 Duer, 425.) If there is no warranty, then the direction of the verdict for the plaintiff was error. (*Ballou* v. *Parsons*, 11 Hun, 602; *Morris* v. *Wibaux*, 159 Ill. 627; *Boorman* v. *Jenkins*, 12 Wend. 566; *Fogel* v. *Brubacker*,

122 Penn. St. 7; 2 Mechem on Sales, § 1377; *Wright* v. *Bank of Metropolis,* 110 N. Y. 237; *Griggs* v. *Day,* 158 N. Y. 1, 22; *Reilly* v. *Dodge,* 131 N. Y. 153; *Doane* v. *Dunham,* 79 Ill. 131; *Wisner* v. *Ocumpaugh,* 71 N. Y. 113; *Haddon* v. *Lundy,* 59 N. Y. 320.) Defendants' exceptions should be sustained. (*Brigg* v. *Hilton,* 99 N. Y. 526; 2 Mechem on Sales, 1093; *Holt* v. *Pie,* 120 Penn. St. 425; *Beach* v. *R. R. R. Co.,* 37 N. Y. 457; *Hoe* ·v. *Sanborn,* 21 N. Y. 555; *Prentice* v. *Fargo,* 53 App. Div. 612.)

*Austen G. Fox* and *C. Walter Artz* for respondent. The appellants are not entitled to argue, in this court, that there was an implied warranty and that certain defects were latent. (*Bierman* v. *C. M. Co.,* 151 N. Y. 482.) The defendants are not now in a position to claim that it was error to refuse to dismiss the complaint. (*Wangner* v. *Grimm,* 169 N. Y. 421.) In view of the admission in·the answer, as well as of the failure to allege in the counterclaim a contract of express warranty and of the position taken at the close of the trial that no contract had been proven, the court did not err in refusing to submit the counterclaim to the jury. (*Fleischmann* v. *Stern,* 90 N. Y. 110; *Paige* v. *Willet,* 38 N. Y. 28; *Truesdell* v. *Sarles,* 104 N. Y. 164; 2 Chitty's Plead. [16th Am. ed.] 261; *Diefendorf* v. *Gage,* 7 Barb. 18; *Taylor* v. *Ballard,* 17 N. Y. S. R. 598; *Fanning* v. *I. S. Co.,* 89 Hun, 146; *Hoe* v. *Sanborn,* 21 N. Y. 552.) The court was right in holding that the defendants had failed to prove that the plaintiff, as receiver, had given to the defendants an independent contract of warranty, collateral to the contract of sale and manifestly intended to survive acceptance of the bicycles. (*Carlton* v. *Lombard, Ayres & Co.,* 149 .N. Y. 137; *Studer* v. *Bleistein,* 115 N. Y. 316.)

O'Brien, J. This was an action to recover the price of certain goods sold and delivered by the plaintiff to the defendants. At the trial the court directed a verdict for the plaintiff, and the defendants' exceptions were subsequently reviewed at the Appellate Division, where they were over-

ruled and judgment directed for the plaintiff on the verdict. From the judgment thus entered the case comes here upon appeal.

The defense to the action, as disclosed by the argument in this court, was a breach of warranty. It was claimed that the goods were sold by sample, and that, therefore, there was an express warranty that the goods to be delivered should correspond with the sample; that they did not so correspond, but were different and inferior, and hence the defendants sustained damages, which they attempted to assert in the form of a counterclaim to the plaintiff's right of recovery. The learned counsel for the defendants in his printed brief and oral argument has presented to the court a valuable and exhaustive discussion on the law of warranty as applicable to the sale of goods, and has reviewed the authorities on this subject from the earliest times in this state. If the questions discussed were really involved in this case the court would doubtless derive great benefit from the clear and exhaustive examination that he has given to the question. But it is very doubtful whether any question arising upon the law of warranty is involved upon this appeal; and it is fair to say that the learned counsel who argued the case evidently did not draw the answer or participate in the formation of the precise issues of fact which the case presents. It is somewhat difficult to determine the precise defense which the pleader had in mind when the answer to the complaint was framed, and it becomes necessary in any review of the case in this court to determine at first the precise issues or questions which the record presents.

The complaint alleges that on or about the tenth day of February, 1898, the plaintiff entered into an agreement with the defendants to manufacture for and sell to them three thousand bicycles upon specifications furnished, and shipment to consist of three to four hundred bicycles, to be made within three weeks of the acceptance of the order, and subsequent shipments to be made regularly by almost every steamer of the Vogemann line to Hamburg; a minimum quantity of five

hundred bicycles to be delivered in Europe by the end of March, 1898, and twelve hundred and fifty wheels to be shipped in the months of April and May, 1898, respectively, at the price of twenty dollars a wheel, delivered on the dock in New York city. That pursuant to such order the plaintiff has been, since the existence thereof, manufacturing and delivering to the defendants bicycles therein specified, and has delivered to them thereunder the total number of twelve hundred and thirty bicycles, amounting to the sum of twenty-four thousand six hundred dollars, which bicycles were duly accepted by the defendants. That the defendants have paid to the plaintiff on account of the bicycles delivered under said contract the sum of thirteen thousand dollars, leaving unpaid thereon the sum of eleven thousand six hundred dollars, all of which is now due and owing by the defendants to the plaintiff, and no part of which has been paid, although due demand has been made upon the defendants therefor.

And for a second cause of action the complaint alleged that on the ninth day of May, 1898, the plaintiff sold and delivered to the defendants certain goods, wares and merchandise, to wit, one hundred juvenile bicycles, at the agreed price of seventeen dollars each, amounting to the sum of seventeen hundred dollars, which is now due and owing by the defendants to the plaintiff, and no part of which has been paid, although due demand has been made upon the defendants therefor.

These allegations of the complaint were not met in the answer by either a general or specific denial. The defendants in their answer, it is true, give a different version of the transaction, and in the narrative they deny certain facts, among others, that they paid the plaintiff thirteen thousand dollars on account of the bicycles, or that there was due the sum alleged. They admitted, however, that the plaintiff delivered to them the total number of twelve hundred and thirty bicycles, but denied that they accepted the same. They also denied that the bicycles delivered were worth the sum alleged in the complaint, but were defective in many parts. The answer also contains various counterclaims, based upon the theory

that there was a warranty of the goods. But, as already stated, there was no denial, general or specific, of the allegations of the complaint referred to, except so far as such denial could be spelled out or inferred from an inconsistent version of the transaction given by the pleader in the answer. The allegations of a complaint are controverted or put in issue only by a general or specific denial. A material fact alleged is not controverted or put in issue by a statement inconsistent with the facts alleged, or from which a general denial may be implied or inferred. (*Rodgers* v. *Clement*, 162 N. Y. 422, 428; *Fleischmann* v. *Stern*, 90 N. Y. 110; *Marston* v. *Swett*, 66 N. Y. 210; *Wood* v. *Whiting*, 21 Barb. 190; *West* v. *American Exchange Bank*, 44 Barb. 175.) According to the rules of pleading, the defendants by omitting to deny, either generally or specifically, the allegations of the complaint, have admitted the agreement to manufacture, sell and deliver wheels upon specifications furnished, the price, the fact of delivery and acceptance, and finally a contract to sell and deliver goods of a certain kind and according to certain specifications without warranty. Under these circumstances, the defendants' various counterclaims, based upon the existence of a contract of warranty and the allegations of the answer in regard to the terms of the contract, though inconsistent with the allegations of the complaint, presented no clear or well-defined issue for trial.

Passing from the case as presented by the pleadings, to the actual disposition made at the trial and the exceptions taken, a similar difficulty is presented. At the close of the trial the plaintiff's counsel moved to dismiss the counterclaims, on the ground that they did not contain facts sufficient to constitute a counterclaim, and, secondly, that there was no allegation of an express warranty, and that it then appeared that the goods had been delivered on the dock according to the contract, where they remained a sufficient length of time subject to inspection; and that it appeared that after such opportunity the defendants took possession of the goods and shipped them to Hamburg. The court granted the motion

and dismissed the counterclaims, to which ruling the defendants' counsel excepted. The defendants' counsel then moved to dismiss the complaint on the ground that no contract had been. proved. This motion was denied and an exception taken. The defendants' counsel also moved to dismiss the complaint, so far as the second cause of action was concerned, that there had been no contract proved in relation to those bicycles delivered, and on the ground that the plaintiff had not proved facts sufficient to constitute a cause of action in regard to these particular wheels. This motion was denied and an exception taken. The plaintiff's counsel then moved for the direction of a verdict in favor of the plaintiff for the amount claimed, and the court thereupon directed a verdict for the plaintiff for the sum claimed, with interest, to which direction the defendants' counsel excepted. The court then directed that the exceptions be heard in the first instance by the Appellate Division. It will be seen that the learned counsel for the defendants did not request to have any question of fact in the case submitted to the jury. His motion to dismiss the complaint was based upon questions of law, which the trial court decided adversely, and his exception to the dismissal of the counterclaims, in the absence of any request to go to the jury, could present no question if the contract was correctly stated in the plaintiff's complaint, since it is impossible to imply any warranty in a contract formulated in the terms there alleged. It is at best very doubtful whether these exceptions, under a recent decision of this court, present any question of law for review. (*Trimble* v. *N. Y. C. & H. R. R. R. Co.*, 162 N. Y. 84, 92.) What the learned counsel now complains of is that the trial court should have submitted the case to the jury, although no request to that effect was made by either party, and no suggestion given with respect to any question of fact arising upon the evidence which was competent for the jury to determine. There are cases which seem to hold that where the issues are triable by jury, and there is a conflict in the evidence, it is the duty of the trial court to submit the case to the jury whether

any request is made to that effect or not, since the court is not authorized in such a case to determine any disputed fact without the consent of the parties against whom it is found, but the case which is .cited seems to point in the other direction.

While the decision of this appeal could possibly rest upon the point suggested, it is never desirable to have important cases decided in this court upon mere errors or questions of practice, after a trial in which no specific objection to the form of the pleading was made, and so we have carefully examined the record with a view to ascertain the real merits of the controversy.   We have read the somewhat extended correspondence that preceded and followed the making of the contract upon which this action is based and by means of which the minds of the parties met.   It appears that the defendants purchased goods to ship to a firm of dealers in Germany, and so the goods were intended for the German market; but so far as the plaintiff is concerned the transaction was one with the defendants and he had no relations with the German firm.   A buyer of goods may undoubtedly defend an action by the seller for the price, on the ground that the executory contract of sale has not been performed, in that the kind, quality or description of the goods delivered does not conform to the contract, or in other words, that the goods delivered were not the goods contracted for.   But that is a defense, which in the absence of a warranty, does not survive the delivery and acceptance of the goods by the buyer.   His obligation is to inspect the goods when delivered and if they do not correspond with the contract to so notify the seller.   If he accepts the goods without objection he cannot when sued for the price be heard to allege that the contract was not performed.   In this case the goods were to be delivered free on board the Hamburg steamer at the dock in New York.   The plaintiff was responsible for their condition at that place as it was the place of delivery, but not for their condition at the end of the ocean voyage, or after arrival at the place of ultimate destination in the interior of Germany, where the defendants' correspondents had their place of business.   When the wheels in question were delivered at the dock the defendants, with full

opportunity for inspection, took them into their possession and under their control and shipped them to Hamburg, and it was not until after the German firm failed that any question was raised or objection made that the goods did not correspond with the contract. Inasmuch as upon the pleadings and proofs the fact that the wheels had been delivered to and accepted by the defendants at the place of delivery was conclusively shown, there was nothing to submit to the jury on that question.

But a warranty as distinguished from mere non-performance will generally survive delivery and acceptance and may be invoked by the buyer as a general or partial defense in any action to recover the price of the goods. Apart from the point suggested, that a contract of sale without warranty was admitted by the pleadings, we think that none was established by the proofs, or rather that there was no proof tending to establish any such contract. That defense depended entirely upon the question whether the transaction, which resulted in the delivery of the goods, amounted to what in commercial parlance is known as a sale by sample. There is no claim here that the wheels had any· latent defects, and, hence, the cases where a manufacturer is held bound by an implied warranty against such defects, have no application. (*Carleton* v. *Lombard, Ayres & Co.,* 149 N. Y. 137; *Bierman* v. *City Mills Co.,* 151 N. Y. 482; *Studer* v. *Bleistein,* 115 N. Y. 316.) The question here is, whether there was any proof of that warranty which arises upon a sale of goods by sample. If the contract stated in the complaint is to be accepted as the one made by the parties, it was not a contract to sell wheels by sample. But when the various orders, letters and papers contained in the record, and which constitute the contract, are read, it is quite clear that the parties never intended to make such a contract and never understood the transaction in that way. The mere fact that the buyer selected a certain type or style of wheel from the various grades exhibited does not constitute a sale by sample. The defendants gave a written order for the manufacture of the goods in

the usual way, which contains minute specifications and descriptions. There was no distinct stipulation that the goods to be delivered were to correspond with any designated sample. The orders, when read in connection with the correspondence, required certain changes to be made in certain parts of the wheel in order to supply a demand which was supposed to exist at the place in Germany where they were to be retailed and used. The transaction taken as a whole bears little, if any, resemblance to that which takes place when goods are sold by sample. In the language of CHURCH, Ch. J. (*Gurney* v. *Atl. & G. W. Ry. Co.*, 58 N. Y. 364): "It was not strictly a sale by sample. Such a sale contemplates that the goods are *in esse*, that the sample is taken from the bulk and the latter is equal in quality to the sample." The learned court below has shown very clearly that the contract was not a sale by sample, but to manufacture according to orders and specifications which called for a different article from any thing exhibited. We can add nothing to the argument on that question, and adopt it as the correct view of the transaction. Moreover, the buyer took from the seller an express warranty "to make good by exchange all part or parts * * * which may arise out of faulty or defective manufacture" at any time within one year. This was the only warranty which the parties intended should survive delivery and acceptance, and it is admitted that there was no breach of that stipulation. So that whether the question of warranty is considered on the pleadings or on the proofs, we think there was nothing to submit to the jury. Whether the sale was by sample was a question of law to be determined at the trial upon the pleadings, the nature of the transaction and the correspondence of the parties. We think there was no error committed by the learned trial court in the disposition made of the case which would justify this court in reopening the controversy, and so the judgment must be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Judgment affirmed.