THE STATEN ISLAND MIDLAND RAILROAD COMPANY, Respondent, v. JAMES C. HINCHLIFFE, Appellant.

1. CORPORATIONS — DIRECTOR'S LIABILITY FOR DEBTS — NOTICE. The failure to give to a director of a corporation within the year 1899 notice of an intention to hold him personally liable for debts existing and due at the time of defaults in filing annual reports, the first of which occurred in the preceding year and less than three years before action brought against him therefor, is no defense to the action, under section 34 of the Stock Corporation Law (L. 1899, ch. 354), declaring that no director shall be liable to any corporate creditor for failure to make or file an annual report unless he is given notice of an intention to hold him responsible within three years of the default, but providing that any such liability, because of default now existing, may be enforced by action begun within the year 1899 or begun thereafter, if within such year written notice of intention to enforce such liability shall be given as above provided, since the purpose of the proviso was to give a creditor holding a debt which had existed for more than three years at the time of the passage of the statute, but which was not then due, and would otherwise have been cut off, an opportunity to save his claim by action or notice within that year.

2. STATUTE APPLICABLE TO DIRECTORS OF FOREIGN CORPORATIONS. The provisions of the statute are applicable to foreign as well as domestic corporations, although section 34 does not in terms refer to them, since that section regulates the enforcement of the liability created by section 30, which includes both classes, and the two sections should be read together.

3. PLEADING — SPECIFIC DEFENSE. A defense in an action against a director of a corporation to enforce his personal liability for debts of the corporation because of failure to file annual reports, which specifically alleges that the debts were paid by a third party, and if paid by the plaintiff were paid by him as agent therefor, is sufficient in law upon

its face — that it might be proved under the general denial in the answer does not prevent it from being specifically pleaded and render it demurrable.

*Staten Island M. R. R. Co.* v. *Hinchliffe,* 66 App. Div. 614, modified.

(Argued March 24, 1902; decided April 8, 1902.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 19, 1901, which affirmed an interlocutory judgment of Special Term sustaining demurrers to two defenses set up in the answer.

The nature of the action, the facts, so far as material, and the questions certified, are stated in the opinion.

*William M. Mullen* and *John Widdecombe* for appellant. The Statute of Limitations (L. 1899) was well pleaded and it was error to sustain the demurrer thereto. (L. 1892, ch. 688, § 30; *St. G. V. Co.* v. *Fritz,* 48 App. Div. 233; *G. B. W. Co.* v. *Fritz,* 49 App. Div. 647; *Shepard* v. *Fulton,* 55 App. Div. 329; *Chapman* v. *Lynch,* 156 N. Y. 551; *Losee* v. *Bullard,* 79 N. Y. 404; *Rector, etc.,* v. *Vanderbilt,* 98 Hun, 174; *Chapman* v. *Comstock,* 58 Hun, 325; *Cornell* v. *Roach,* 11 Wkly. Dig. 528; *Jones* v. *Barlow,* 62 N. Y. 202; *P. S. Co.* v. *Cornell,* 86 Hun, 319.) The legislature intended section 34 to be a quieting statute and to provide a remedy for the enforcement of such claims as existed at the time of its passage. It operated upon the remedy and not upon the right. (*Meigs* v. *Roberts,* 162 N. Y. 371.) The title of an act, while no part of it, may be resorted to as an aid in determining legislative intent. (*People ex rel.* v. *Coleman,* 121 N. Y. 427; *City of Rochester* v. *Campbell,* 123 N. Y. 405; *Whitaker* v. *Masterton,* 106 N. Y. 277.) The defense of payment was well pleaded and it was error to sustain the demurrer thereto. (*Chapin* v. *Pratt,* 49 N. Y. S. R. 42; *Jacobs* v. *Gray,* 5 Misc. Rep. 410; *Baker* v. *Loring,* 92 Hun, 61; *McKyring* v. *Bull,* 16 N. Y. 297; *Lent* v. *N. Y. & M. R. Co.,* 130 N. Y. 504; *Knapp* v. *Roche,* 94 N. Y. 333; *Griffin* v. *L. I. R. R. Co.,* 100 N. Y. 354; *Glickman* v. *Low,*

20 Misc. Rep. 401; *Watkins* v. *Peters*, 21 Misc. Rep. 613; *Horton* v. *Horton*, 83 Hun, 213.) The complaint on its face fails to state facts sufficient to constitute a cause of action and the demurrer to the defenses in the answer is not well taken. (*Baxter* v. *McDonnell*, 154 N. Y. 432; *Wenk* v. *City of New York*, 36 Misc. Rep. 496; *Holmes* v. *N. P. R. Co.*, 65 App. Div. 49.)

*Harcourt Bull* for respondent. The demurrer to the separate defense contained in the 9th subdivision of the defendant's amended answer was rightly sustained. (L. 1899, ch. 354.) The entire enactment is susceptible of a perfectly natural and logical construction, which gives to all the language employed its ordinary and appropriate meaning, and which at the same time makes clear the evils which, by the enactment, the legislature intended to remedy. (*Morgan* v. *Hedstrom*, 164 N. Y. 224.) Upon an appeal by the defendant in this case from the judgment sustaining plaintiff's demurrer to a defense that is based upon the provisions of chapter 354 of the Laws of 1899, the provisions in question should be construed by the court liberally in favor of creditors, and not strictly against the creditors. (*Morgan* v. *Hedstrom*, 164 N. Y. 224.) Inasmuch as the Rockwell Construction Company is a foreign corporation, there appears to be grave doubt whether the provisions of section 34 of the Stock Corporation Law (L. 1899, ch. 354) have any application to it, and consequently whether, in any aspect, the provisions of said section can be a defense to this action. (*Vanderpoel* v. *Gorman*, 140 N. Y. 563.) A non-resident cannot set up as a defense to an action brought against him in our courts a New York Statute of Limitations. (*Alcott* v. *T. R. R. Co.*, 20 N. Y. 210; *Bennett* v. *Cook*, 43 N. Y. 537; *Boardman* v. *L. S. & M. S. R. Co.*, 84 N. Y. 157; *Hayden* v. *Pierce*, 144 N. Y. 512.) The allegations contained in the 13th subdivision of defendant's amended answer do not constitute a plea of payment, but amount solely to a statement that the moneys which the complaint alleges were paid out by the plaintiff in discharge of certain

debts of the Rockwell Construction Company at its request, were paid out not by the plaintiff, but by a firm of individuals. (16 Ency. of Pl. & Pr. 167.)   The Appellate Division was right in holding that the alleged separate defense contained in the 13th subdivision of defendant's amended answer was nothing more than a verbose recitation of the evidence by which the defendant proposed to support his specific denials, contained in the said amended answer of plaintiff's allegation that it had advanced money to pay the debts of the Rockwell Construction Company. (*McManus* v. *W. A. Co.*, 43 App. Div. 550; *Durst* v. *B. H. R. R. Co.*, 33 Misc. Rep. 124; *Thompson* v. *Holbert*, 109 N. Y. 329 ; *McKyring* v. *Bull*, 16 N. Y. 297 ; *Knapp* v. *Roche*, 94 N. Y. 329 ; *Griffin* v. *L. I. R. R. Co.*, 101 N. Y. 348.)   The record presents no exception which would have authorized the Appellate Division to have reversed the judgment of the trial court; this court, therefore, should affirm the order of the Appellate Division which is now appealed from, notwithstanding that if there had been an exception to the decision of Mr. Justice GAYNOR there might have been some merit in the contention of the defendant appellant. (*Ross* v. *Caywood*, 162 N. Y. 259; *Otten* v. *M. Ry. Co.*, 150 N. Y. 395.)

WERNER, J.   This action is brought to establish the defendant's liability for the debts of a New Jersey corporation known as the Rockwell Construction Company.   The defendant was a director of that company continuously from May 6th, 1897, down to the commencement of this action in July, 1900.   The ground of liability alleged is the failure of that corporation to file an annual report in the month of January in each of the years 1898, 1899 and 1900 ; and the failure of the defendant, during each of said years, to file a certificate showing that he had endeavored to have such a report filed. as then provided by section 30 of the Stock Corporation Law (Gen. Laws, ch. 36).   The complaint, after setting forth such defaults during the years mentioned, states, in substance, that from December 11, 1897, to June 27, 1898, the Rockwell

Construction Company became indebted to the plaintiff on notes and other obligations made and incurred by the plaintiff for the benefit of that company and paid by the former in sums aggregating about $128,000. Eight separate causes of action are stated, and it is alleged that the plaintiff, on or about June 30, 1900, served upon the defendant written notices that it intended to hold him personally liable for each of the amounts claimed by it.

The answer contains a general and specific denial of the plaintiff's several causes of action ; it admits the service, on or about June 30, 1900, of the notices to hold him personally liable upon the claims set forth in the complaint and then sets up several separate defenses. Two of these defenses, the 9th and 13th, were demurred to by the plaintiff upon the ground that they were insufficient in law upon the face thereof. These demurrers have been sustained by the courts below. The Appellate Division has granted the defendant leave to appeal to this court upon two certified questions : 1. Is the ninth separate defense, contained in the defendant's amended answer herein, insufficient in law, upon the face thereof, to constitute a defense.   2. Is the thirteenth separate defense, contained in the defendant's amended answer herein, insufficient in law, upon the face thereof, to constitute a defense. The ninth defense is a plea of the Statute of Limitations. It sets forth that the defendant's liability accrued and existed, if at all, on April 18th, 1899, and prior thereto, and that the plaintiff has not complied with the provisions of chapter 354 of the Laws of 1899. The sufficiency of this defense depends upon the construction of that statute. Said chapter 354, Laws of 1899, added section 34 to the Stock Corporation Law (Gen. Laws, chapter 36 ; chapter 388, Laws of 1892) and provides, " No director or officer of any stock corporation shall be liable to any creditor of the corporation, * * * because of any failure to make or to file an annual report, whether heretofore or hereafter occurring. * * * Unless within three years after the occurrence of the act or the default in respect to which it shall be sought to charge

the director or officer, such creditor shall have served upon
such director or officer written notice of his intention to hold
him personally liable for his claim; provided, nevertheless,
that any such liability, because of any such default now exist-
ing  *  *  *  may be enforced by action begun at any time
within the year eighteen hundred and ninety-nine or by action
begun thereafter, if within such year written notice of inten-
tion to enforce such liability shall have been given as above
provided."

It is claimed by the defendant that, as all the claims of the
plaintiff were in existence when this statute was passed,
(April 18, 1899) and no suit was commenced or notice given
during the year 1899, the plaintiff's cause of action is barred.
The facts stated are conceded, but the conclusion does not
follow, as will clearly appear from a careful reading of the
statute and an investigation into the reasons for its enactment.
Prior to the enactment of the statute of 1899 the Stock Cor-
poration Law, as amended by chapter 384, Laws of 1897,
simply provided that "Every domestic stock corporation and
every foreign stock corporation doing business within this
State,  *  *  *  shall annually, during the month of Janu-
ary  *  *  *  make a report as of the first day of January,
*  *  *  If such report is not so made and filed, all the
directors of the corporation shall jointly and severally be per-
sonally liable for all the debts of the corporation then exist-
ing, and for all contracted before such report shall be made."
(Sec. 30.)   It will be observed that this section contains no
limitation upon the time within which such liability could be
enforced.   The only limitation was found in section 394 of
the Code of Civil Procedure, which provides that an action to
recover a penalty or forfeiture, or to enforce a liability created
by law against a director or stockholder of a corporation must
be brought within three years after the cause of action has
accrued.   The liability of a director under this section being
in the nature of a penalty, actions to enforce such liability
were governed by the provisions of that Code section. (*Losee
v. Bullard*, 79 N. Y. 404; *Knox v. Baldwin*, 80 id. 610;

*Duckworth* v. *Roach,* 81 id. 49 ; *Merchants' Bank* v. *Bliss,* 35 id. 412.)   This state of the law, prior to the passage of the act of 1899, frequently visited severe penalties upon directors of corporations which had neglected to file their annual reports.   Prior to April, 1899, the three years' Statute of Limitations could only be set in motion by the concurrence of three things.   1st. There had to be a debt in existence. 2nd. The debt had to be due.   3rd. The default in filing the annual report had to occur during the existence of the debt. Thus a director, who was in office when a debt was incurred, but was out of office when it matured, might be held liable for the debts of the company because a default had occurred in filing the annual report while he was in office.   If such a debt, although in existence at the time of the default, had many years to run before it matured, a director could be sued and held liable long after his ability to make an effective defense had been destroyed or greatly weakened by lapse of time.   (*Morgan* v. *Hedstrom,* 164 N. Y. 224.)

It was this situation which chapter 354, Laws of 1899, was intended to relieve.   It first provided that " No director or officer of any stock corporation shall be liable to any creditor of the corporation  *  *  *  because of any failure to make or file an annual report whether heretofore or hereafter occurring  *  *  *  Unless within three years after the occurrence of  *  *  *  the default  *  *  *  such creditor shall have served upon such director or officer written notice of his ntention to hold him personally liable for his claim."   If the statute had stopped here no doubt could have existed as to its meaning.   The obvious import of the language just quoted is that a director should have notice, within three years after the default in filing the report, of a debt which could not be barred within that time because not then due.   But to this language there was added the following proviso : " provided, nevertheless, that any such liability, because of any such default now existing  *  *  *  may be enforced by action begun at any time within the year 1899 or by action begun thereafter, if within such year written notice of intention to

enforce such liability shall have been given as above pro-
vided." By reading the statute as a whole we see that unless
this proviso had been added, a debt which had existed for
more than three years at the time the statute was passed, but
which was not then due, would have been cut off. The pur-
pose of the proviso, therefore, was to give to a creditor hold-
ing such a debt an opportunity during the time between
April 18th, 1899, when the statute went into effect, and the
end of that year, to save his claim by either commencing an
action within that time, if the debt should become due, or
by serving the notice provided within that time. Such being
the purpose and meaning of the statute it had no reference to
plaintiff's claims, as they were in existence and due when the
first default occurred at the end of January, 1898, and this
action was commenced in June, 1900, less than three years
from that time. (*Duckworth* v. *Roach,* 81 N. Y. 49.) Under
this construction of the statute in question the order sustain-
ing the demurrer to the ninth separate defense was right and
should be affirmed.

The respondent suggests two other grounds upon which he
claims the demurrer to the ninth defense may be sustained.
1st. It is contended that, as the Rockwell Construction Com-
pany is a foreign corporation, the provisions of the statute in
question have no application to it. In this connection it is to
be remembered that section 30 of the Stock Corporation Law
was amended in 1897 so as to include foreign as well as domes-
tic corporations within its provisions. (Laws of 1897, ch. 384,
sec. 2.) Section 30 creates the liability for a failure to file the
report. While section 34 does not in terms refer to foreign
corporations, and simply uses the words " director or officer of
any stock corporation," it nevertheless regulates the enforce-
ment of the liability created by section 30, and the two sec-
tions should be read together. When considered together
there can be no doubt that section 34 was intended to apply
to the same corporations that are specified in section 30.
Thus construed section 34 applies to both foreign and domestic
corporations. 2nd. It is further urged that as the defendant

is in fact a non-resident of the state he cannot take advantage of the provisions of said section 34 to shield himself from liability. Upon this point it is enough to say that the record does not disclose that the defendant is a non-resident.

The remaining question to be considered is whether the demurrer to the thirteenth separate defense should be sustained. This defense, in effect, avers that the obligations of the Rockwell Construction Company, for which the plaintiff seeks to render the defendant liable, were in fact paid by a firm known as Robert Wetherell & Company, and that if they were paid by plaintiff, they were so paid with funds of that firm and as its agent. This is the substance of the defense, although it sets out at great length the specific transactions between the plaintiff, the Rockwell Construction Company and the firm of Wetherell & Company, from which that conclusion is drawn. The demurrer assumes the truth of the facts thus alleged. If they are true it is difficult to see why they do not constitute a valid defense to the cause of action set out in the complaint. It is probably a defense that could be proved under the general denial, but this does not render the specific allegations demurrable. There are defenses which may be stricken out on motion but cannot be reached by demurrer. Section 500 of the Code of Civil Procedure provides : " The answer of the defendant must contain : 1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. 2. A statement of any new matter constituting a defense or counterclaim in ordinary and concise language without repetition." It may be conceded that this defense is not new matter as it is not in avoidance or confession of the matters set forth in the complaint. But it is none the less a defense, because it is what is termed in pleading a denial. (Bouvier's Law Dictionary ; Anderson's Law Dictionary ; Moak's Van Santvoord's Pleadings, p. 509.) If authority for such a plain proposition is needed we have it in the case of *Benedict* v. *Seymour* (6 How. Pr. 298, 304). That was one of the early decisions explaining the nature of

31

pleadings under the Code, and in that case Judge Selden said: "Defences, then, are divisible into two classes: 1. Those which deny some material allegation on the part of the plaintiff. 2. Those which confess and avoid those allegations." It was also decided in that case that demurrer was not the proper method of getting rid of such defenses, for the "plain reason that a demurrer admitted the truth of the plea; and the facts contained in such a plea, if proved or admitted, must necessarily constitute a good defense." (Id. p. 308.) It follows, therefore, that the first question certified should be answered in the affirmative and the second in the negative.

That part of the order appealed from which affirms the judgment of the trial court sustaining the demurrer to the ninth defense should be affirmed, and that part which affirms the judgment sustaining the demurrer to the thirteenth defense should be reversed, with leave to the defendant to amend his answer accordingly within twenty days, without costs to either party.

Parker, Ch. J., Gray, O'Brien, Bartlett, Haight and Cullen, JJ., concur.

Judgment accordingly.