## DETERMINED IN THE

# FIRST DEPARTMENT

### IN THE

## APPELLATE DIVISION,

### February, 1903.*

---

Maurice A. Kraus, Respondent, v. Lee A. Agnew, Appellant.

*Action for services rendered at plaintiff's request — an answer alleging that they were rendered at the request of a third person presents a defense — it is not demurrable — motion to strike out such defense.*

The complaint in an action alleged that the defendant employed the plaintiff to perform certain work, labor and services for him in procuring one Charles H. Unverzagt to become interested as a promoter in the formation of a corporation and that the defendant promised and agreed to pay the plaintiff the sum of $5,000 for such work, labor and services.

The answer, after denying each and every allegation of the complaint, alleged, for a further and separate defense, "that all the alleged services mentioned and referred to in the complaint herein were, and each of them was rendered to one Charles H. Unverzagt, and at his special instance and request, and not at the instance and request of this defendant."

*Held,* that the facts set forth in the separate defense would prevent a recovery by the plaintiff, and that such defense was not demurrable either because the matter stated therein could be proved under the general denial or because it did not deny the allegation of the complaint that the defendant promised and agreed to pay the plaintiff the sum of $5,000 for the work, labor and services performed by him.

*Semble,* that if the facts set forth in the separate defense could have been proved under the general denial and did not, therefore, constitute a separate defense within the meaning of subdivision 2 of section 500 of the Code of Civil Procedure, the plaintiff's remedy was by a motion to strike out such defense.

O'Brien and Laughlin, JJ., dissented.

---

* The other cases of this term will be found in volume 79 App. Div.—[Rep.

App. Div.—Vol. LXXX.     1

Appeal by the defendant, Lee A. Agnew, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of May, 1902, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining the plaintiff's demurrer to the separate defense set up in the second division of defendant's amended answer.

*Francis D. Haines,* for the appellant.

*James C. De La Mare,* for the respondent.

Ingraham, J.:

The complaint alleges that in and about the month of November, 1901, the plaintiff and the defendant entered into an agreement whereby the defendant employed the plaintiff to perform certain work, labor and services for him in procuring one Charles H. Unverzagt to become interested as a promoter in the formation of a corporation, and for such work, labor and services the defendant promised and agreed to pay the plaintiff the sum of $5,000. The answer denies each and every allegation of the complaint, and for a further and separate defense alleges upon information and belief "that all the alleged services mentioned and referred to in the complaint herein were, and each of them was rendered to one Charles H. Unverzagt, and at his special instance and request, and not at the instance and request of this defendant." This defense was demurred to and the demurrer sustained.

The complaint alleges but one agreement upon which the plaintiff's cause of action is based. While the defendant could prove the facts stated in this defense under the general denial, the demurrer to it should not for that reason be sustained if the facts alleged would prevent a recovery. By subdivision 2 of section 500 of the Code of Civil Procedure the answer may contain "'a statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition." The services rendered by the plaintiff, the value of which the plaintiff seeks to recover, were rendered in procuring Unverzagt to enter into an agreement with the defendant for the purpose of forming a corporation to carry on a certain specified business. It would be a complete defense for the

defendant to prove that these services were rendered at the special instance and request of Unverzagt, and not at the special instance and request of the defendant. This defense is criticised, however, upon the ground that it does not deny the allegation of the complaint, that the defendant promised and agreed to pay the plaintiff the sum of $5,000. But the complaint alleges but one agreement, and that thereby the defendant employed the plaintiff to perform this work, labor and services for him and promised and agreed to pay him therefor the sum of $5,000.

In *Staten Island M. R. R. Co.* v. *Hinchliffe* (170 N. Y. 473, 481), the court, in considering a separate defense, said : " This defense, in effect, avers that the obligations of the Rockwell Construction Company, for which the plaintiff seeks to render the defendant liable, were, in ·fact, paid by a firm known as Robert Wetherell & Company, and that if they were paid by plaintiff, they were so paid with funds of that firm and as its agent. This is the substance of the defense. * * * The demurrer assumes the truth of the facts thus alleged. If they are true, it is difficult to see why they do not constitute a valid defense to the cause of action set out in the complaint. It is probably a defense that could be proved under the general denial, but this does not render the specific allegations demurrable. There are defenses which may be stricken out on motion but cannot be reached by demurrer," and the court cites, with approval, the case of *Benedict* v. *Seymour* (6 How. Pr. 298).

While this defense is inartificially pleaded, the new matter alleged, viz., that the services were performed at the special instance and request of Unverzagt, taken in connection with the allegation that such services were not performed at the special instance and request of the defendant, would be a denial of the agreement as alleged, and constitute a defense, and it should not, therefore, be held insufficient upon demurrer.

It is unnecessary to determine whether or not this defense could have been stricken out on motion. No such motion was made, the plaintiff relying upon a demurrer which concedes the facts alleged, and such a demurrer could only be sustained where the defense, taken as a whole, is insufficient to meet the allegations of the complaint. If the allegation of this defense was entirely unnecessary,

and thus mere surplusage, the proper remedy of the plaintiff was to move to strike out the allegation, not because the court, upon motion, could strike out the complete defense, but because the separate defense was but a restatement of the general denial which put at issue all the allegations of fact in the complaint, and not a separate defense within subdivision 2 of section 500 of the Code. That question, however, cannot be raised by demurrer. (*Staten Island M. R. R. Co.* v. *Hinchliffe, supra.*)

I think, therefore, the judgment appealed from should be reversed and the demurrer overruled, with costs in this court and in the court below, and with leave to the plaintiff to withdraw the demurrer on payment of costs.

VAN BRUNT, P. J., and McLAUGHLIN, J., concurred; O'BRIEN and LAUGHLIN, JJ., dissented.

LAUGHLIN, J. (dissenting):

The complaint alleges:

"*First.* That in or about the month of November, 1901, plaintiff and the defendant entered into an agreement whereby the defendant employed the plaintiff to perform certain work, labor and services for him, in and about procuring one Charles H. Unverzagt to become interested as a promoter in the formation of a corporation for the sale and manufacture of certain machines, known as the 'Agnew Auto-Mailing Machine' and the 'Agnew Auto-Addressing Machine,' for which said defendant had taken out patents in the United States, and to procure said Unverzagt to enter into an agreement with said defendant, for the purpose of forming a corporation for the purpose aforesaid, and of devising ways and means in connection therewith of raising the necessary capital by means of the sale of stock of said corporation or otherwise, and for which said work, labor and services defendant promised and agreed to pay the plaintiff the sum of Five thousand dollars.

"*Second.* That the plaintiff accepted said employment and entered upon the performance of said agreement, and spent a large amount of time negotiating with said Unverzagt for the purpose aforesaid, and did procure the said Unverzagt to enter into an agreement with the defendant for the purpose aforesaid. That said defendant

did enter into such agreement with said Unverzagt, and received from him the sum of One thousand dollars in part performance of the same.

"*Third.* That the plaintiff has otherwise duly performed all the conditions of said contract on his part.

"*Fourth.* That the defendant has failed and refuses to perform said agreement on his part, and pay this defendant said sum of Five thousand dollars, and is now justly indebted to him therefor."

Judgment is demanded for the sum of $5,000, together with interest and costs. The first subdivision of the answer is a general denial, and the second is as follows: "For a further and separate defense, this defendant alleges upon information and belief that all the alleged services mentioned and referred to in the complaint herein were, and each of them was rendered to one Charles H. Unverzagt, and at his special instance and request, and not at the instance and request of this defendant." Both complaint and answer are verified.

The facts alleged in the separate defense could have been proved under the general denial, consequently this part of the pleading is redundant and might have been stricken out upon motion if the plaintiff were aggrieved thereby. (*Uggla* v. *Brokaw*, 77 App. Div. 310; 79 N. Y. Supp. 244.) Upon this demurrer, however, the matter cannot be deemed redundant for we are not at liberty to consider the general denial contained in the forepart of the pleading for the purpose of determining the sufficiency of the separate answer to which the demurrer is directed. (*Douglass* v. *Phœnix Ins. Co.*, 138 N. Y. 209.) So far as this part of the answer *alleges facts inconsistent* with the allegations of the complaint it is not a " general or specific denial " of those allegations within the meaning of subdivision 1 of section 500 of the Code of Civil Procedure. (*Smith* v. *Coe*, 170 N. Y. 162.) As new matter these allegations would not constitute a defense, provided the allegations of the complaint stand admitted as they must be for the purpose of this demurrer, unless they are denied by the 2d paragraph or subdivision of the answer quoted in the statement of facts. If the plaintiff was employed by the defendant to render the services specified in the complaint and the defendant agreed to pay $5,000 therefor as alleged, it is manifest that the mere fact that the services were rendered to Unverzagt at his special instance

# 6 KRAUS v. AGNEW.

and request would not relieve the defendant from liability therefor. It does not appear that the agreement was not in writing nor is the Statute of Frauds interposed as a defense. It was perfectly competent for the defendant to employ the plaintiff and agree to pay for these services even though they were rendered to Unverzagt at his special instance and request. It will be observed that this part of the answer, after alleging that the services were rendered to Unverzagt at his special instance and request, contains the further allegation "and not at the instance and request of this defendant." The important question presented on this appeal is the construction and effect of this clause of the answer. If it was intended thereby to allege that the services which it is therein stated were rendered to Unverzagt were not rendered to him at the special instance and request of the defendant, then it would be inconsistent with the complaint merely, and not a denial of any allegation thereof. (*Smith* v. *Coe, supra.*) The clause is, to say the least, ambiguous. Clearly it is not a general denial. If a denial at all, it must fall under the head of a specific denial. Every material allegation of the complaint which is not put in issue by either a general or specific denial is deemed admitted. (Code Civ. Proc. § 522.) It was said by O'BRIEN, J., in *Smith* v. *Coe (supra)*: "The allegations of a complaint are controverted or put in issue only by a general or specific denial. A material fact alleged is not controverted or put in issue by a statement inconsistent with the facts alleged, or from which a general denial may be implied or inferred." It would seem, therefore, that a specific denial should be made in language sufficiently clear and definite to enable the plaintiff and the court to determine the allegations of the complaint intended to be put in issue thereby. Where the question as to the sufficiency of the allegations of a pleading to constitute a cause of action or defense arises on demurrer, the rule is now established that the facts alleged and all facts that may be implied or inferred therefrom by fair and reasonable intendment are to be deemed true (*Coatsworth* v. *Lehigh Valley R. Co.*, 156 N. Y. 451); but this rule has no application to the construction of an alleged denial in a pleading. Where such denials are ambiguous I am of opinion that the old rule applicable to the construction of pleadings should prevail, and that the ambiguity should be resolved against the pleader. (*Clark* v. *Dillon*, 97 N. Y. 370;

*Bogardus* v. *New York Life Ins. Co.*, 101 id. 328, 337; *National City Bank* v. *Westcott*, 118 id. 468, 474; *Browne* v. *Empire Type Setting Machine Co.*, 44 App. Div. 598; *Hammel* v. *Washburn*, 49 id. 119.) In the case of *Clark* v. *Dillon* (*supra*) the court, considering the case of an ambiguous denial, laid down this rule as applicable to the construction of doubtful or ambiguous denials in a pleading, and this is not referred to and, I think, not overruled by the case of *Coatsworth* v. *Lehigh Valley R. Co.* (*supra*); but the other decisions which applied the rule in *Clark* v. *Dillon* to the sufficiency of the allegations of fact constituting the cause of action or defense doubtless are on that point, at least, overruled by the *Coatsworth* case. Moreover, this clause of the answer is, at most, a denial of the allegations of the complaint that the services were rendered for the defendant at his special instance and request. Assuming it to be a good denial of those allegations, we still have the allegations of an agreement of employment by the defendant and of an agreement on his part to pay $5,000 for the services which, according to the allegations of the answer, were rendered to Unverzagt at his special instance and request. On these facts the defendant would still be liable, unless there was no consideration for his agreement to pay for the services. It cannot be fairly said, I think, that such allegations fairly present the question of want of consideration in this regard. It is to be borne in mind that the plaintiff and defendant " entered into an agreement whereby the defendant employed the plaintiff to perform certain work, labor and services for him * * * and for which said work, labor and services defendant promised and agreed to pay the plaintiff the sum of Five thousand dollars." Although the services were actually rendered to Unverzagt, and at his special instance and request, still they may have been rendered on the employment of the defendant and upon his agreement to pay therefor, which would make him liable even though they were not rendered at his request or, strictly speaking, to him. If the purpose of this answer was to show a dual employment by the plaintiff, the pleader fell far short of setting forth a defense on those lines in that he omitted to allege that the employment of the plaintiff by Unvergazt was without the knowledge or consent of the defendant. I am of opinion that the defense is insufficient in law upon the face thereof, and that if the facts therein, so far as

properly pleaded, are admitted, the plaintiff would still be entitled to judgment on the pleadings were it not for the general denial which, as has been seen, may not be considered.

I think that, for these reasons, the interlocutory judgment should be affirmed, with costs, with leave to the defendant to amend his answer upon payment of the costs of the demurrer and of this. appeal.

O'BRIEN, J., concurred.

Judgment reversed, with costs, and demurrer overruled, with costs, with leave to the plaintiff to withdraw demurrer on payment. of costs in this court and in the court below.