(95 Misc. Rep. 165)

MULINOS v. WALKOF et al.

(Supreme Court, Appellate Term, First Department. May 17, 1916.)

1. PLEADING ⬅129(1)—DEFENSES—NEW MATTER.

An affirmative defense, consisting of new matter, under Code Civ. Proc. § 500, authorizing such defenses, should be based on the theory of confession and avoidance, and a denial has no place therein, except as to some matter of fact which must be denied to complete the defense; therefore, in determining the validity of the defense, all allegations of the

complaint will be considered admitted, if not traversed by a denial in the defense, though traversed by separate denials.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270, 274, 275; Dec. Dig. ☞129(1).]

2. FALSE IMPRISONMENT ☞20(1)—ACTIONS—COMPLAINT.

A complaint charging that a city marshal, having an execution against the property of another, attempted to levy upon the property of defendant's employer, that defendant protested, and that the marshal falsely and maliciously charged plaintiff with interfering, and then caused his arrest and imprisonment, whereby he was restrained of his liberty and falsely imprisoned, states a cause of action for false imprisonment, though it may state a cause of action for malicious prosecution.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 86–88; Dec. Dig. ☞20(1).]

3. PLEADING ☞406(8)—COMPLAINT—WAIVER OF DEFECTS.

Though a complaint improperly joined two causes of action, defendant's failure to seasonably move for a separate statement was a waiver of the error.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1370, 1371; Dec. Dig. ☞406(8); Action, Cent. Dig. § 564.]

4. FALSE IMPRISONMENT ☞20(2)—ACTIONS—DEFENSES—SUFFICIENCY.

The complaint charged that the defendant marshal wrongfully attempted to levy execution on the property of plaintiff's employer, that plaintiff protested, that the marshal caused his arrest, that plaintiff was imprisoned, that the marshal charged plaintiff with using abusive language with intent to provoke a breach of the peace, and that plaintiff was duly tried and the charge was dismissed. For a separate defense the marshal alleged that as marshal he attempted to levy an execution on the property of the judgment debtor, whereupon plaintiff interfered with him, that he called a police officer, and in the presence of the police officer plaintiff committed a breach of the peace, whereupon the officer caused plaintiff's arrest and brought him before a magistrate, and that the magistrate did discharge plaintiff from arrest. The separate defense did not deny the averments of the complaint, although they were elsewhere generally denied. *Held*, that as, under Code Cr. Proc. § 177, a peace officer may without a warrant arrest only for misdemeanors committed in his presence, or for a felony not committed within his presence, or where a felony has been committed and he has reasonable cause to believe that the person arrested has committed it, the defense was insufficient to justify the false imprisonment, for there was no denial that defendant caused plaintiff's arrest, and the fact defendant had cause to believe plaintiff had committed a breach of the peace was no defense, though it might be urged in mitigation of damages.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 89–97; Dec. Dig. ☞20(2).]

Appeal from City Court of New York, Special Term.

Action by Gerald Mulinos against Harry Walkof, impleaded with others. From an order of the City Court, overruling a demurrer to the defense, plaintiff appeals. Order reversed, and motion denied.

See, also, 93 Misc. Rep. 189, 156 N. Y. Supp. 1032.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Herman Kahn, of New York City, for appellant.

Harry M. Peyser, of New York City, for respondent Walkof.

GUY, J. The complaint alleges that while the defendant Walkof, a city marshal, was making a levy and seizure under an execution

against one George Mulinos, he entered the place of business of one Helen Mulinos and attempted to and did levy on and seize property of Helen Mulinos for satisfaction of the said execution; that the plaintiff, an employé of Helen Mulinos, informed the marshal that the business and property belonged to Helen Mulinos, and not to the judgment debtor, but the said defendant thereupon falsely and maliciously charged plaintiff with interfering with him, and then caused plaintiff's arrest, and plaintiff was thereupon, at the direction of said defendant, taken into the custody of a police officer, conducted to one of the police stations, and thereafter to a magistrate's court, where he was imprisoned and restrained of his liberty, and the said defendant falsely and maliciously charged plaintiff with "using threatening, abusive, and insulting behavior with intent to provoke a breach of the peace, and whereby a breach of the peace might have been occasioned"; that thereafter, and on the evening of the same day, the plaintiff was arraigned before a police magistrate and on said charge was duly tried, and that the said charge was thereupon dismissed and the plaintiff discharged from custody; and that the plaintiff was in the manner described imprisoned and restrained of his liberty for upwards of five hours, without reasonable cause, and without any right or authority.

The material allegations of the complaint are denied by the answer, and for a separate and distinct defense the defendant alleges that at all the times mentioned in the complaint the defendant was a city marshal; that as such marshal, having in his possession an execution duly issued upon a judgment against George Mulinos, he attempted to levy upon certain personal property of said George Mulinos, whereupon the plaintiff and others interfered with him as such marshal in the performance of his duty; that the defendant thereupon called a police officer of the city of New York; that in the presence of the police officer the plaintiff continued to interfere with the defendant and committed a breach of the peace, "whereupon the said police officer did cause his arrest and brought him before a magistrate"; that at the magistrate's court defendant charged plaintiff with a breach of the peace, "and that said magistrate did thereupon discharge the plaintiff from arrest"; and that all of the aforesaid acts were done by the defendant without malice and in the performance of his duties as an officer, "and that the defendant had reasonable and probable cause to cause the arrest of the plaintiff and prosecute him before said magistrate." There is no denial of any of the allegations of the complaint incorporated in the defense.

Plaintiff demurred to the defense as insufficient upon its face, defendant moved for an order overruling the demurrer, and apparently upon the theory that the complaint alleges merely a cause of action for malicious prosecution, the court below made the order appealed from granting defendant's motion. Plaintiff's grievance is set out in the complaint in the form of a single count; and he insists that the cause of action alleged is one simply for false imprisonment, and that, whatever the cause or causes of action, the failure of the defendant

to incorporate in the separate defense denials of the material allegations of the complaint justifies the demurrer.

[1] Under the rules laid down in this department respecting the vexed question of the proper manner of pleading defenses, it has been decided that a defense consisting of new matter, within the purview of section 500 of the Code, must be based on the theory of confession and avoidance, and be such as cannot be proved under the denials; that a denial has no place in an affirmative defense, except when it becomes necessary to deny the existence of some fact alleged in the complaint, in order to perfect the answer as a complete affirmative defense; that an affirmative defense, as distinguished from a mere denial, is a separate plea, and in determining its sufficiency all the allegations of the complaint not denied in the separate defense, even though elsewhere denied by the answer, are deemed admitted. Mendelson v. Margulies, 157 App. Div. 666, 142 N. Y. Supp. 825; Einstein v. Einstein, 158 App. Div. 498, 143 N. Y. Supp. 706; Pullen v. Seaboard Trading Co., 165 App. Div. 117, 150 N. Y. Supp. 719. The application of these rules condemns the defense in this case, for in the absence of denials in the separate defense, although contained elsewhere in the answer, all of the averments of the complaint are deemed to be admitted in so far as the defense is concerned.

[2-4] While it has been held by the Court of Appeals, however (Staten Island M. R. R. Co. v. Hinchliffe, 170 N. Y. 473, 63 N. E. 545), that as the demurrer assumes the truth of the facts alleged in defendant's plea, if such facts, even though provable under the prior denials not incorporated in the defense, would defeat the cause of action, the defense is not demurrable, though it may be stricken out upon motion as redundant, and the doctrine of the case cited was applied in this department in Kraus v. Agnew, 80 App. Div. 1, 80 N. Y. Supp. 518, even under the test there laid down the defense in this action is insufficient. The pleader has stated a cause of action for false imprisonment, for not only does the complaint allege that plaintiff was imprisoned and restrained by defendant of his liberty, but it also contains the allegation that the imprisonment was without right or authority, and such allegation amounts to an averment that the arrest was unlawful. Ring v. Mitchell, 45 Misc. Rep. 493, 92 N. Y. Supp. 749, affirmed 100 App. Div. 515, 91 N. Y. Supp. 1110. And see Gearity v. Strasbourger, 133 App. Div. 701, 118 N. Y. Supp. 257. Assuming, but not deciding, that a cause of action for malicious prosecution is also stated, the defendant, by neglect to make timely motion for the separate statement of the causes of action, has waived the right given by the Code of Civil Procedure. Gearity v. Strasbourger, supra.

Although it is alleged in the defense that the plaintiff committed a breach of the peace in the presence of the police officer, "whereupon the said police officer did cause his arrest and convey him before a magistrate," it does not follow that the defendant also did not cause the plaintiff's arrest, nor is that allegation of the complaint denied in the separate defense, and indeed it is subsequently averred that the defendant had reasonable and probable cause to cause the plaintiff's arrest; and it at least presumptively appears, from defendant's ad-

mission that the magistrate, upon inquiring into the cause, discharged the plaintiff from arrest, that the plaintiff did not commit a breach of the peace. In so far as a cause of action for malicious prosecution is concerned, the discharge of the plaintiff would not necessarily be inconsistent with the existence of probable cause for the prosecution. Reiss v. Levy, 165 App. Div. 1, 150 N. Y. Supp. 440. But, the charge made against the plaintiff not being a felony, reasonable cause for belief on the part of the defendant, a peace officer, that plaintiff committed a breach of the peace, if in fact he did not commit such a breach, although it might affect the damages, would not justify the imprisonment complained of, for reasonable cause is mentioned only in the third subdivision of section 177 of the Code of Criminal Procedure, which covers the case of arrest without a warrant where a felony has been in fact committed by the person arrested. Gold v. Armer, 140 App. Div. 73, 124 N. Y. Supp. 1069; Smith v. Botens, 13 N. Y. Supp. 222.[1]

So that, even under the more liberal rule of construction applied in the Hinchliffe and Kraus Cases, defendant's affirmative plea was not a complete defense to the whole complaint (Butler v. General Acc. Ass'n, 103 App. Div. 273, 92 N. Y. Supp. 1025), and the demurrer should not have been overruled.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.