ment had been entered thereon, the result would have been the same, inasmuch as the defendant had not reserved leave to make a motion to go to the jury upon any question of fact in case the verdict should be directed against him. Consequently, in either aspect of the case, the determination of the trial justice as to all questions of fact should be held conclusive on this appeal.

Plaintiffs' practice in preparing and submitting, at the request of the court, and without notice to the defendant, the finding as signed, was authorized. Baylies, Tr. Pr. (2d Ed.) p. 382; Boyd v. Campbell, 12 Misc. Rep. 351, 33 N. Y. Supp. 557. The defendant might have moved for a resettlement, as held in Boyd v. Campbell, but no such motion was made. His ex parte application for additional findings was properly denied, because at that time no such right existed, and hence his exceptions to the refusals to find as requested are untenable.

The only remaining question, therefore, is whether there is evidence in support of the findings, which, briefly stated, are to the effect that the judgment upon which this action was brought was not affected by the defendant's discharge in bankruptcy, because neither the names of the plaintiffs as creditors, nor the judgment in question, nor the claim on which it is based, was correctly inserted in the schedules which the defendant was required to file in court with his petition to be adjudged a bankrupt. A careful examination of the whole case discloses that there is sufficient evidence upon these points, and that there is no evidence that the plaintiffs had either knowledge or notice of the bankruptcy proceedings. Under these circumstances, the final conclusion reached by the trial justice was correct. Columbia Bank v. Birkett, 174 N. Y. 112, 66 N. E. 652; Tyrrel v. Hammerstein, 33 Misc. Rep. 506, 67 N. Y. Supp. 717; Sutherland v. Lasher, 41 Misc. Rep. 249, 84 N. Y. Supp. 56, affirmed 87 App. Div. 633, 84 N. Y. Supp. 1148.

In view of what has already been said, it is not necessary to determine with precision whether, under the decisions of Dwight v. St. John, 25 N. Y. 203, and Riggs v. Pursell, 74 N. Y. 370, the defendant Bloch is concluded by the denial of his motion to cancel the judgment sued on; no appeal from the order of denial having been taken. Nor is it necessary to determine whether the defendant Bloch can urge his individual discharge against plaintiffs' judgment, which was recovered against him on a firm debt. The authorities seem to be against his claim in that respect.

The judgment should be affirmed, with costs. All concur.

---

(45 Misc. Rep. 577)

BARNARD v. LAWYERS' TITLE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Term. December 7, 1904.)

1. PLEADING—DEMURRER—APPEAL—STATEMENT OF FACTS.

Where, on appeal from an order overruling a demurrer to a separate defense in the answer, it was contended that facts embodied by the parties in a stipulation for the purposes of a trial of the action should be considered, but such statement recited that it was not a complete or

exclusive statement, and counsel for the respective parties differed widely as to the effect of the admissions in such statement, and as to whether they amounted to a waiver of the denials in the answers, the stipulation would not be considered.

**2. SAME—DENIALS—REITERATION.**

Where denials contained in the first part of an answer were neither reiterated nor referred to in a subsequent further and separate defense, such defense must stand or fall independent thereof.

**3. SAME—TRUTH OF ALLEGATIONS—ADMISSION.**

A demurrer to a special defense admits the truth of all of the material allegations thereof, and for the purpose of determining their sufficiency as a defense the material allegations of the complaint must also be taken as true.

**4. SAME—AVOIDANCE.**

Where plaintiff sued for breach of a contract for the examination and insurance of the title to certain premises, a special defense setting forth a contract in other terms and of a different character from that alleged in the complaint, without avoiding or barring the latter, and alleging due performance of the contract so alleged and not the one sued on, was demurrable.

Appeal from City Court of New York, Special Term.

Action by Henry H. Barnard against the Lawyers' Title Insurance Company of New York. From an interlocutory judgment overruling a demurrer to defendant's separate defense, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Arthur Knox, for appellant.

Philip S. Dean and David B. Ogden, for respondent.

FREEDMAN, P. J. The complaint states a cause of action for special damages against the defendant founded upon a breach of contract committed by the defendant in the performance of its duty under a certain contract made with the plaintiff for the examination and insurance of the title to certain premises. The breach of contract set forth consists in negligently and inexcusably returning two tax sales as affecting the premises, when in point of fact they did not. Defendant's answer contains two parts. The first of these consists of a series of denials, and the second sets up "further and separate defense." The plaintiff demurred to this further and separate defense upon the ground that the same is insufficient in law upon the face thereof. The demurrer was overruled, and from the judgment entered upon such decision the plaintiff appealed.

In the consideration of this appeal we are asked to consider certain facts embodied by the parties in a stipulation for the purposes of any trial in the action. The stipulation does not show whether the facts therein admitted are to be taken as part of the further and separate defense demurred to or as part of the complaint, and at the end thereof it is expressly stated, "This statement of facts is not a complete or exclusive statement." Moreover, on the argument of the appeal the counsel for the respective parties widely differed as to the extent and effect of the ad-

missions, and especially as to whether or not they amounted to a waiver of the denials in the answer. In view of this unsatisfactory state of the record, the stipulation should not be considered, and the questions presented by the appeal should be determined strictly according to the rules of pleading. According to these rules, the denials contained in the first part of the answer not having been reiterated or referred to in the further and separate defense, the said defense must stand or fall independently of them. Ency. of Pl. & Pr. vol. 1, p. 853, and cases there cited; Douglass v. Phenix Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448; Gray Lithograph Co. v. The American Watchman's Time Director Co., 44 Misc. Rep. 206, 88 N. Y. Supp. 857. On the other hand, the demurrer admits the truth of all the material allegations of the defense, and for the purpose of determining their sufficiency as a defense the material allegations of the complaint must be taken as admitted. To be sufficient, therefore, the defense in such a case must not only confess, but also avoid or bar. If it does not fully avoid or bar, the mere allegation of the answer of a contract of other terms or of a different character has no function or effect. Marx v. Gross, 2 Misc. Rep. 511, 22 N. Y. Supp. 393, affirmed 142 N. Y. 678, 37 N. E. 824; Fleischmann v. Stern, 90 N. Y. 110; Smith v. Coe, 170 N. Y. 162, 63 N. E. 57. Judged by these rules, the defense under consideration sets forth a contract of other terms and of a different character from the contract alleged in the complaint without avoiding or barring the latter, and the allegation of due performance relates to the former, and not to the latter. The decision in the Staten Island Midland R. R. Co. v. Hinchliffe, 170 N. Y. 473, 63 N. E. 545, has therefore no application.

For the foregoing reasons it was error for the court below to give judgment for the defendant overruling the demurrer on the theory that in the determination of the sufficiency of the further and separate defense the defendant was entitled to the benefit

The judgment should be reversed, with costs, and judgment
of the denials contained in the first part of the answer.       :
ordered for the plaintiff, with costs, with leave to defendant to amend the answer upon payment of such costs. All concur.