### SINGER v. ABRAMS.

(Supreme Court, Appellate Term. May 23, 1905.)

1. PLEADING—ANSWER—AFFIRMATIVE DEFENSE—DENIALS IN OTHER PARTS OF ANSWER.

An affirmative defense in an answer is to be treated on demurrer thereto as a separate plea, and defendant is not entitled to the benefit of denials made in another part of the answer, unless incorporated by reference.

2. NOTES—ACTION AGAINST INDORSER.

Under the express provisions of Code Civ. Proc. § 454, the holder of a note may sue an indorser without suing the makers.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 1431.]

Appeal from City Court of New York, Trial Term.

Action by Louis Singer against Louis Abrams. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Aaronstamm & Chorosh, for appellant.

Gustavus A. Rogers, for respondent.

DOWLING, J. This is an appeal from an interlocutory judgment of the City Court overruling plaintiff's demurrers to the first and third separate and distinct defenses of defendant's amended answer. The action is brought upon a promissory note made by defendant and his partner to their order, and indorsed by them as partners, and further indorsed by defendant individually. The complaint is in proper form, and sets forth all the allegations necessary to constitute a cause of action. Defendant's amended answer, after specific denials of the allegations contained in two paragraphs of the complaint, denies any knowledge or information sufficient to form a belief as to the allegations contained in five paragraphs thereof. The answer thereafter sets up three separate defenses, but without any reference to the denials contained in the earlier paragraphs, and without any repetition thereof. As to the first separate defense set up by defendant's answer there is therefore no denial contained therein of any of the allegations of the complaint. An affirmative defense set up in an answer is to be treated as a separate plea, and upon demurrer thereto defendant is not entitled to the benefit of denials made in another part of the answer, unless incorporated by reference and made a part of the

affirmative defense. Douglass v. Phenix Insurance Company, 138´ N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448; Barnard v. Lawyers Title Insurance Company (Sup.) 91 N. Y. Supp. 41. The first defense attempted to be set up does not deny that the Federal Bank was a bona fide holder of the note in question, and it is not available, therefore, against the receiver of the bank, nor against his assignee, the plaintiff herein. The denials contained in the fifth paragraph of said first defense are not sufficient to constitute either a general or specific denial of the allegation of assignment. Smith v. Coe, 170 N. Y. 162, 63· N. E. ·57; Fleischmann v. Stern, 90 N. Y. 110; Rodgers v. Clement, 162 N. Y. 428, 56 N. E. 901, 76 Am. St. Rep. 342.

The third defense sought to be set up is insufficient in law upon its face. It also contains no denials of any kind, but alleges a defect and nonjoinder of parties defendant in that Isidor Weinberg, defendant's partner, was not made a party defendant. This action, however, is not brought against the makers of the note in question, but against the defendant as an indorser, upon a specific allegation that on the day of the making of the note, "and prior to its delivery to any person, the defendant herein indorsed the said note in blank for the purpose of giving credit to the said note and of charging himself as an indorser thereon." Of this allegation there is no denial in the answer under said third defense. Under section 454, Code Civ. Proc., plaintiff had the right to sue the indorser, the defendant herein, and was not obliged to sue the makers.

Judgment reversed, and the demurrers interposed to the first and third separate and distinct defenses of defendant's amended answers sustained, with costs in this court and the court below, with leave to defendant to amend upon payment of such costs within six days. All concur.