HARMONY REALTY CO., INC., Plaintiff, *v.* BRONXWICK HOLDING CORPORATION and Others, Defendants.

Supreme Court, Bronx County, April 25, 1930.

*Arnold Gross*, for the plaintiff.

*Breitbart & Breitbart*, for the defendants.

MULLAN, J. Motion under rule 111 of the Rules of Civil Practice to strike out a defense contained in a reply to a counterclaim because of superficial insufficiency. Two grounds of attack are relied upon:

(1) That the counterclaim to which the reply is interposed seeks to establish a conditional bill of sale, and in the complaint (in foreclosure of a realty mortgage) the plaintiff admits that defendant holds a valid bill of sale, whereas the reply attacks its validity. The complaint and reply, however, are not inconsistent in that respect. The complaint contains the usual allegation that the defendant claims an interest, etc., and also the following allegation: " Said premises are also subject to the rights, if any, which defendant Worber may have under any conditional bill of sale," etc. This is not inconsistent with an assertion in the reply that defendants have no rights. The allegations of both of plaintiff's pleadings and its entire theory is that defendant has not the right he claims. (2) That plaintiff, not having alleged that its mortgage was placed on the property after the installation of the fixtures, and having alleged as its sole ground for claiming to be a subsequent incumbrancer or purchaser that it subordinated its mortgage to a mortgage placed after the installation, has not shown that it is within the category of those as to whom a conditional bill of sale is invalid. In *McCloskey* v. *Henderson* (231 N. Y. 130) the question of whether subordinating a mortgage makes the mortgagee a subsequent incumbrancer as to a conditional vendor who has placed chattels in a building in such circumstances as to have no rights against the paramount mortgagee, was fully discussed. There is a statement that the discussion is not necessary to the decision in the prevailing opinion by HISCOCK, J., with whom only two judges concurred. No one concurred with HOGAN, J., who wrote for reversal on a ground different from that taken by HISCOCK, J. Two judges concurred in part of HISCOCK'S, J., opinion. A majority of the court agreed only as to one of the grounds mentioned in the prevailing opinion. The case, therefore, is authority solely for the proposition that a second mortgagee in possession is not guilty of conversion for refusing to allow a conditional vendor to remove chattels if the conditional bill of sale is invalid against another (first) mortgagee, because the mortgagee in possession (second mortgagee) would be liable for waste if he allowed the conditional vendor to remove the chattels covered by the first mortgage. No such question is here involved, and the case is not in point. Nor is any other case cited in point. The issue of law raised here is — when a second mortgagee subordinates to a first mortgagee as against whom a conditional sales agreement is invalid, does that subordination constitute the second mortgagee 'a " subsequent purchaser for value and without notice" if the chattels are removable? Note that there has been a change in the law. " Incumbrancers " are no longer protected, only " purchasers." (Cf. section 62 of the old

Personal Property Law with section 67 of the new Personal Property Law, as added by Laws of 1922, chap. 642.) I cannot see how plaintiff here can be classed as a subsequent purchaser, but I think the reply is good, because it alleges that the chattels cannot be readily removed and that plaintiff did not assent to the reservation. Defendant has asserted that the chattels are removable and the denial (not attacked) raises that issue, but rule 111 allows a demurrer motion, and an affirmative statement of a denial cannot be attacked under that rule. (*Staten Island Midland R. R.* v. *Hinchliffe*, 170 N. Y. 473.) If this affirmative denial is redundant it must be attacked under the proper rule. The defendant, however, must, if he relies on them, allege both branches of Personal Property Law, section 67 (first sentence) in order to make its chattel mortgage good against " any person." These two branches are the non-removability and the assent to the reservation. Defendant here does not claim under that sentence of the section, and I think plaintiff has the right to claim and to allege both branches as it does here. I do not see how the issue can be raised here in any other way. Defendant does not claim that it has the right to exclude the plaintiff from showing that the chattels are not removable. If plaintiff cannot tender the issue of assent to the irremovable installation, then if the chattels are proved to be irremovable the question of assent cannot be raised at all, and although the irremovability is immaterial unless coupled with failure to assent, the question of assent cannot be tried. Defendant is not harmed by plaintiff's offer to assume the burden of proving lack of assent in case it be shown that the chattels are removable. I think the reply is good in so far as this motion under rule 111 of the Rules of Civil Practice is concerned. Motion denied, with ten costs.