SIDNEY OSTRO, Plaintiff, *v.* ABRAHAM SAFIR and SAFIR CONSTRUCTION CO., INC., Defendants.

Supreme Court, Special Term, New York County, October 18, 1937.

*Jerome N. Sewards,* for the plaintiff.

*Saul Hammer,* for the defendants.

McLaughlin (Charles B.), J. It appears from the complaint that the defendants on July 23, 1937, mailed a postal card to the plaintiff containing the following words: " Dear ——, please send us a check in return for the rubber check you sent us. Safir Iron Work." The complaint sets forth two causes of action — the first for libel and the second for slander.

On this motion the plaintiff moves to strike out the first, second, third and fourth defenses. As to the first defense there are two lines of attack. The plaintiff argues that the defense is an affirmative denial. It would appear to be so because everything stated therein may be proved under the denials in the answer. However, it is not fatal on a motion of this character. *(Staten Island Midland R. R. Co.* v. *Hinchliffe,* 170 N. Y. 473.) The second ground is sufficient to grant the motion to strike out this defense, and the attack must be sustained. Succinctly stated, the defense states that the sending of a post card through the mail is not publication. This court holds that it is a publication as a matter of law. The motion to strike out this defense is granted, without leave to replead. The second and third defenses are attacked because they are affirmative denials. The motion to strike out these defenses is denied. *(Staten Island Midland R. R. Co.* v. *Hinchliffe, supra.)*

The plaintiff claims that the fourth defense is insufficient. It is a defense of truth. The libel consists of the statement that the defendant gave a " rubber check." The denials of the innuendo are carried into the fourth defense (Rules Civ. Prac. rule 90). This defense involves the proposition as to what the ordinary man would consider a " rubber check " to be. Would he consider a check good at the time it was delivered but which was presented at a later date after the account had been closed to be a " rubber check? " It would appear that a jury will be entitled to say whether the plaintiff, by closing his account while a check was outstanding, was guilty of issuing a " rubber check." Such a term is slang, and the precise definition has not been so firmly fixed that this court can take judicial notice or, for that matter, be expected to know its precise meaning as a matter of law. The motion to dismiss the fourth defense is denied. Settle order.